**Jose M. Diaz ESTRADA, et al., Plaintiffs,**

v.

**Alfredo Lopez CABRERA, et al., Defendants.**

**Civ. No. 85–2118(PG).**

United States District Court,
D. Puerto Rico.

April 3, 1986.

Eliezer Aldarondo Ortiz, Hato Rey, P.R., for plaintiffs.

Victor P. Miranda Corrada, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

Through the instant action filed on October 10, 1985, the plaintiffs, who are employees of the Municipal Government of Fajardo, Puerto Rico, seek declaratory and injunctive relief alleging that after the general elections of November 6, 1984, and based solely on political motivations they have been removed, transferred and harassed in their employment, in violation of their rights.

Pending resolution is a motion for disqualification of plaintiffs' counsel, filed by defendants on December 23, 1985. The plaintiffs filed their opposition to said motion on January 8, 1986. The case was called for oral argument on the referred motions on January 31, 1986.

Movants basically allege that the law firm representing plaintiffs in this action should be disqualified under Rules 1.6, 1.9 and 1.16 of the Canons of the American Bar Association[1] in view that a prior attor-

1. The Canons of the American Bar Association were adopted by the Local Rules of this Court and form an attachment to Local Rule 211.4(b).

ney-client relationship existed between the Municipality of Fajardo (hereinafter the "Municipio") and the law firm of Aldarondo & López Bras (hereinafter the firm). Based on this professional relationship between defendants, movants allege that plaintiffs' counsel have divided their loyalty, have given an appearance of impropriety to the proceedings and were privy to privileged and confidential information related to plaintiffs' cause of action.

It was further alleged by movants that matters involved in this suit are substantially related to matters in which the firm previously served the Municipio.

The potential variety of interests which may dilute a lawyer's loyalty to a client is limitless. The district court is obliged to take measures against unethical conduct occuring in relation with any judicial proceeding. *Musicus v. Westinghouse Electric Corp.*, 621 F.2d 742, 744 (5th Cir.1980). A motion to disqualify is evidently an adequate method for a party litigant to bring the issues of conflict of interests and breach of ethical duties to the Court's attention. *E.F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 376 (S.D.Texas 1969).

However, in view of the misuses of disqualification motions courts must be careful to prevent literalism from possibly overcoming substantial justice to the parties. *North Am. Foreign Trading Corp. v. Zale Corp.*, 83 F.R.D. 293, 295 (S.D.N.Y.1979); *Gould v. Lumonics Research Ltd.*, 495 F.Supp. 294, 297 (N.D.Ill.1980). Motions to disqualify should be approached with cautious scrutiny. *Laker Airways Ltd. v. Pan American World Airways*, 103 F.R.D. 22, 28 (D.C.Cir.1984).

It has been a recent practice to use disqualification motions for purely strategic purposes, *Smith v. Whatcott*, 757 F.2d 1098, 1099–1100 (10th Cir.1985); *Melamed v. ITT Continental Baking Co.*, 592 F.2d 290, 295 (6th Cir.1979); *Ross v. Great Atlantic & Pacific Tea Co., Inc.*, 447 F.Supp. 406, 410 (S.D.N.Y.1978); *Redd v. Shell Oil Co.*, 518 F.2d 311, 315 (10th Cir.1975); *International Electronics Corp. v. Flanzer*, 527 F.2d 1288, 1289 (2nd Cir.1975), and

courts should not be oblivious to this fact. *Wiliamsburg Wax Museum v. Historic Figures*, 501 F.Supp. 326, 331 (D.C.Cir. 1980). It is clear that such practice would often unfairly deny a litigant the counsel of his choosing. *Woods v. Covington City Bank*, 537 F.2d 804, 813 (5th Cir.1976); *Board of Ed. of N.Y. City v. Nyquist*, 590 F.2d 1241, 1246 (2nd Cir.1979); *Society for Good Will to Retarded, Etc. v. Carey*, 466 F.Supp. 722, 724 (E.D.N.Y.1979). This explains why the rule of disqualification should not be mechanically applied. *Duncaro v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1029 (5th Cir.), *cert. denied*, 454 U.S. 895, 102 S.Ct. 394, 70 L.Ed.2d 211 (1981); *Jackson v. J.C. Penney Co., Inc.*, 521 F.Supp. 1032, 1034 (N.D.Ga. 1981).

To disqualify a party's chosen attorney is a serious matter which could not be supported by the mere possibility of a conflict, *Richmond Hilton Associates v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir. 1982). The moving party bears the burden in a motion to disqualify. *Evans v. Artek Systems Corp.*, 715 F.2d 788, 794 (2nd Cir. 1983); *City Consumer Services, Inc. v. Horne*, 571 F.Supp. 965, 970 (Utah 1983).

The Court must make its decision in the interest of justice to all concerned. Certainly, there must be a balance between the client's free choice of counsel and the maintenance of the highest ethical and professional standards. *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739 (2nd Cir.1978); *International Electronics Corp. v. Flanzer, supra*, at 1295. The decision whether to disqualify counsel grows out of the Court's responsibility to supervise the members of its bar. *Groper v. Taff*, 717 F.2d 1415, 1418 (D.C.Cir.1983). For this reason courts and lawyers must always be most sensitive to conflicts of interest. This is explained in light of the extremely important public purposes and interests involved.

It is incumbent upon us to preserve to the greatest extent possible both the individual's right to be represented by counsel of his or her choice and the public's

interest in maintaining the highest standards of professional conduct and the scrupulous administration of justice. *Hull v. Celanese Corporation*, 513 F.2d 568, 569 (2nd Cir.1975).

However, the precise delineation of a prescribed conduct is a difficult task. Within each area of the law and forum of legal practice the conflict of interest problems are unique, calling for individualized as well as for imaginative treatment.

■ In the case at bar, as predicated by movants, disqualification is warranted upon the allegation that the law firm has undertaken litigation against a former client. The relevant test in disqualification cases premised on those grounds and involving a conflict of interest based on the actual or potential threat of the violation of the attorney-client privilege is the "substantially related" test. *Kevlic v. Goldstein*, 724 F.2d 844, 850–51 (1st Cir.1984), *Unified Sewerage Agency, Etc. v. Jelco, Inc.* 646 F.2d 1339 (9th Cir.1981); *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384, 1386 (2nd Cir.1976).

The substantial relationship test had its genesis in federal courts in the case of *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.*, 113 F.Supp. 265, 268 (S.D.N.Y.1953). The test is not a rule of substantive law as it is a measure of the quatum of evidence required for proof of the professional obligation. The test consists of three steps of inquiry in disqualification matters and said three-level inquiry is to be undertaken in order to ascertain whether a substantial relationship exists.

Under this three-prong test the first step calls for a factual reconstruction of the scope of the prior representation. The second step calls for a determination as to whether it is reasonable to infer that the confidential information allegedly given would have been to a lawyer involved in the representation of those matters. Finally, under the third step, it must be determined whether that information is relevant to the issues raised in the litigation pending against the former client. *La Salle National Bank v. County of Lake*, 703 F.2d 252, 255 (7th Cir.1983).

The proper disposition of a motion to disqualify requires a careful examination of the allegedly conflicting representations. *Trone v. Smith*, 621 F.2d 994, 998 (9th Cir.1980); *Hughes v. Paine, Webber, Jackson & Curtis, Inc.*, 565 F.Supp. 663, 664 (N.D.Ill.1983); *International Paper Corp. v. Lloyd Manufacturing Co., Inc.*, 555 F.Supp. 125, 127 (N.D.Ill.1982).

We are called to focus on the precise nature of the relationship between the present and former representation. *Jackson v. J.C. Penney Co., Inc.*, 521 F.Supp. 1032, 1034 (N.D.Ga.1981). The basic question which the district court faces in considering a motion praying for disqualification is "whether it could reasonably be said that during the former representation the attorney might have acquired information related to the subject matter of the subsequent representation." *La Salle Nat. Bank v. County of Lake, supra.*

In order to put the motion in context and to duly evaluate the same the matter was set for hearing and oral argument was heard on January 31, 1986. During the hearing, attorney Eliezer Aldarondo Ortiz took the witness stand.

■ Based on the arguments adduced and on the evidence presented, the Court concludes that there is no violation of the professional canons which demand disqualification of counsel. The evidence established that the firm rendered legal services for the Municipality of Fajardo while the former administration of the New Progressive Party was in power. The contract for services between the Municipio and the firm[2] was with the former incumbent for the former political administration. Furthermore, aware that the relationship is one of trust, the contract was resolved by

---

**2.** The contract was executed on June 29, 1984, between the Municipality through the New Progressive Party Major and the law firm Aldarondo and López Bras.

the firm when the new administration of the PDP came to power.

It is clear that the firm was not able to obtain confidential information on the policies of the present administration for, in fact, there has been no professional relationship between the firm and the present municipal administration. The contract of services was cancelled by the firm thru letter of December 21, 1984. The relationship of the firm with the Municipio was with the former major and with the past municipal government. The testimony of attorney Eliezer Aldarondo, received during the hearing, established that the firm's participation was with particular cases and that the firm never participated in any matter related either to the plaintiffs or to the defendants in this action.

The issue of whether there is a substantial relationship between the present litigation and matters in which the law firm previously provided advice to the Municipio is of course essentially a factual one. The question is one which involves a determination as to whether there is a sufficient relationship between matters presented by the pending litigation and matters which the firm worked on in behalf of the party now seeking disqualification. We find in the negative.

Several vouchers have been submitted by the firm which establish that services were for specific purposes not related to the present litigation. *See, In re Guzmán Geigel,* 113 D.P.R. 122, 130 (1982).

It has been held that in the case of a former client the representation of a now adverse party is not *per se* improper without a showing by the former client that the matters in the pending suit are "substantially related" to the matters in which the attorney previously represented the party. *Waterbury Garment Corp. v. Strata Production,* 554 F.Supp. 63, 66 (S.D.N.Y.1982).

It is also undisputed that the firm has never been retained by the present municipal administration. There is no evidence which would lead us to conclude that it could reasonably be said that during former representations the firm might have

acquired information related to the procedures and policies for hiring and dismissal of personnel at the Municipio by the present administration, which is the subject matter of the present litigation. Disqualification is essentially designed to encourage clients to fully disclose all information necessary for their attorneys to adequately prepare their case, *Hughes v. Paine, Weber, supra,* 565 F.Supp. at 666. Under the facts of this case we find that there is no basis for the disqualification of the law firm.

WHEREFORE, in view of the foregoing the motion for disqualification is hereby DENIED, and defendants are hereby ORDERED to answer the complaint.

IT IS SO ORDERED.