**In re RESTAURANT DEVELOPMENT OF PUERTO RICO, INC., Debtor.**

**Bankruptcy No. B–89–02296(ESL).**

United States Bankruptcy Court,
D. Puerto Rico.

April 17, 1991.

Memorandum Opinion June 28, 1991.

Nelson Robles Diaz, Ramirez & Ramirez, Hato Rey, P.R., for Chapter 11 Trustee.

Alejandro Oliveras, Asst. U.S. Trustee, Hato Rey, P.R., for U.S. Trustee.

Luis A. Medina Torres, Hato Rey, P.R., for debtor.

Fernando Torrent, San Juan, P.R., for creditor.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case is before the Court upon the First Application for Interim Compensation filed by the law firm of Ramirez & Ramirez, the attorneys for the Chapter 11 Trustee. The application was objected to by the United States Trustee, who alleges that Astrid Chavez, whose fees are included in the application, is disqualified from acting as attorney for the Chapter 11 Trustee because she was previously employed as a Bankruptcy Analyst by the United States Trustee. A hearing was held on June 1, 1990, at which time the Court took under advisement the allowance of compensation for the portion of the fees pertaining to work performed by Ms. Chavez, which amounts to $12,040.00.

### Findings of Fact

The bankruptcy petition in this case was filed on June 2, 1989. The law firm of Ramirez & Ramirez applied for court approval of their employment by the Chapter 11 Trustee on November 20, 1989; said approval was granted on December 1, 1989.

Ms. Chavez was employed as a Bankruptcy Analyst by the United States Trustee's Office from February, 1988 to November 30, 1989. The Assistant U.S. Trustee stated in his comments that Ms. Chavez' official responsibilities included monitoring the progress of Chapter 11 cases, reviewing fee applications and recommending legal action to the staff attorneys.

### Discussion

Restrictions on the activities of an attorney who was formerly employed by the U.S. Trustee's Office may be found in the Ethics in Government Act, 92 Stat. 1864 (1979) (current version at 18 U.S.C. § 207 (Supp. 1991)) (hereinafter referred to as § 207); the American Bar Association's Model Rules of Professional Conduct (Model Rules) and the Code of Professional Responsibility; and the *U.S. Trustee's Manual*, Vol. I: General (January, 1988).

### The Ethics in Government Act

The Assistant U.S. Trustee alleges that Ms. Chavez is not eligible to act as attorney for the Chapter 11 Trustee in this case pursuant to § 207(b)(i), which provided, in its pertinent part, that it is a violation of that statute for a former officer or employee of the executive branch of the United States government, within two years after her employment has ceased, to knowingly act as agent or attorney for, or otherwise represent, any other person (except the United States), in any formal or informal appearance before any court, in connection with a proceeding in which the United States is a party or has a direct and substantial interest, which was actually pending under her official responsibility within one year prior to termination. Some of these elements have clearly been established—it has been less than two years since Ms. Chavez was employed by the U.S. government, and she is acting as attorney for the Chapter 11 trustee in a case before this Court in which the U.S. Trustee is a party in interest. 28 U.S.C. §§ 581, 586 (1986). The remaining elements will be discussed herein.

#### "Officer or employee"

██ An employee, for the purposes of § 207, is defined in 5 U.S.C. § 2105 as an individual who is performing a federal function under authority of law or executive act, and was appointed in the civil service by, and under the supervision of, one of the specified officials. 18 U.S.C. § 202(c). Ms. Chavez was appointed to her position as a Bankruptcy Analyst pursuant to 28 U.S.C. § 589, which provides that the U.S. Trustee may employ staff and other employees upon approval of the attorney general. Therefore, Ms. Chavez was an employee within the meaning of § 207.

Ramirez and Ramirez' argument that Ms. Chavez is not an employee within the meaning of § 207 is without merit. The statement in the explanatory notes of 28 U.S.C. § 589 to the effect that the provisions of Title 5 regarding appointments in the competitive service shall not apply to that section does not preclude using the definitions contained in 5 U.S.C. § 2105 for the purposes of 18 U.S.C. § 207.

"Formal or informal appearance"

■ An appearance occurs when an individual is physically present before the United States in either a formal or informal setting or conveys material to the United States in connection with a formal proceeding or application. 5 C.F.R. Part 737.5. Ms. Chavez has filed various documents with the Court in this matter and has appeared physically in representation of the trustee, thus constituting an appearance before the United States.

"Actually pending under his official responsibility"

The term "actually pending" means that the matter was in fact referred to or under consideration by a person within the employee's area of responsibility. 5 C.F.R. Part 737.7(b)(c).

The term "official responsibility" means direct administrative or operating authority, whether intermediate or final, exercised alone or with others, personally or through subordinates, to approve, disapprove or otherwise direct government action. 18 U.S.C. § 202(b). Ordinarily the scope of official responsibility is determined by those areas assigned by statute, regulation, executive order, job description or delegation of authority. 5 C.F.R. Part 737.7(b)(2). All matters under consideration in an agency are under the "official responsibility" of the agency head, as well as any intermediate supervisor having responsibility for an employee who actually participates in the matter within the scope of his official duties. *Id.*

The term "administrative authority" means authority for planning, organizing and controlling matters, not authority for ancillary aspects of a matter. 5 C.F.R. Part 737.7(b)(3).

A former employee need not have known, while employed by the government, that the matter was pending under his official responsibility to be barred from representation, but must know at the time of the proposed representation. 5 C.F.R. Part 737.7(b)(4).

The Assistant U.S. Trustee states in his Comments that Ms. Chavez' official responsibilities as a Bankruptcy Analyst included monitoring the progress of Chapter 11 cases, reviewing fee applications and recommending legal action to the staff attorneys. Ramirez & Ramirez has neither denied this statement nor expanded upon it, but has stated that Ms. Chavez was not the attorney in charge of this case. Both parties agree that Ms. Chavez did not participate substantially in this case while employed by the U.S. Trustee.

The legislative history of the Ethics in Government Act indicates that its objectives are to insure government efficiency, eliminate official corruption and promote the even-handed exercise of administrative discretion. S.Rep.No. 170, 95th Cong., 1st Sess., *reprinted in* 1978 U.S. Code Cong. and Adm. News 4216. The Act is a general standard and a statement of federal policy for what is to be considered proper ethical conduct by former government officials. *Id.* Noting the weakened public confidence in government and the deep public uneasiness with officials who switch sides, the Senate Report states that § 207 seeks to avoid even the appearance of public office being used for personal or private gain. *Id.*

Ramirez & Ramirez argue that such concerns are not present in this case because the representation of a Chapter 11 trustee by a former attorney in the U.S. Trustee's Office does not constitute "switching sides", in that the trustee and the U.S. Trustee advocate the same position. They allege that Ms. Chavez has no "inside information", nor has she attempted to influence any former colleagues in the U.S. Trustee's Office.

Section 207 was amended by Public Law 101–194, Title I, § 101(a) on November 30, 1989, effective January 1, 1991; it now

restricts a former employee who "knowingly makes, with the intent to influence, any communication to or appearance before any ... court ... in connection with a particular matter ... which such person knows or reasonably should know was actually pending under his or her official responsibility ..." 18 U.S.C. § 207(a)(2) (Supp.1989).

Other courts have disqualified former government attorneys pursuant to § 207 without expressly finding a violation of § 207, even though their contact with the matter while employed by the government was minimal. In *Kessenich v. Commodity Futures Trading Commission*, 684 F.2d 88 (D.C.Cir.1982), the Court disqualified a former government attorney whose only contact with the case in question while employed by the Commission was to receive the complaint and forward notice of it to the defendant. The attorney argued that his participation was merely ministerial and did not create a conflict of interest nor make him privy to confidential information. The Court examined 18 U.S.C. § 207 (1976), which focused on whether the employee had "participated personally and substantially" in the matter. The Court stated:

> Our present concern for the integrity of the judicial and administrative process does not require that we determine whether the statute has been violated, and indeed it would be precipitous to do so. It is sufficient to note that there is a real possibility that Burr's representation of Rosenthal may be criminal.

*Id.* at 95.

In *United States v. Miller*, 624 F.2d 1198 (3d Cir.1980), the Court disqualified a former assistant U.S. Attorney, even though he testified that he had no general supervisory responsibility and had no direct involvement in the preparation of the case in question, because he had "some advisory responsibility." *Id.* at 1200. The Court found that, although 18 U.S.C. § 207 (1980) did not prohibit the attorney's appearance, he was barred by the Code of Professional Responsibility. *Id.* at 1202.

### The U.S. Trustee's Manual

Assistance in interpreting the post-employment restrictions on former government attorneys can be found in the *United States Trustee's Manual*, Volume I: General, issued by the United States Department of Justice (January, 1988). In addition to the above-cited provisions from the Code of Federal Regulations, it contains memoranda from the Director of the Executive Office of the U.S. Trustee and Office of Legal Counsel of the Deputy Assistant Attorney General. These memoranda state that an United States Trustee or Assistant U.S. Trustee is not precluded from practicing bankruptcy law after leaving office if she does not handle cases which were pending in her office at the time of her incumbency. *Id.* at A–1.8, p. 229. They further provide that this proscription applies to any attorney who was employed by the U.S. Trustee, regardless of the nature or grade of the position held. *Id.* at A–1.10, p. 231. The prohibitions of 18 U.S.C. § 207 and Disciplinary Rule 9–101(B) of the A.B.A.'s Code of Professional Responsibility apply even to an attorney who held a non-legal position in the U.S. Trustee's Office. *Id.*

These memoranda do allow that a former U.S. Trustee or Assistant U.S. Trustee is not precluded from giving advice within the confines of the law firm, or to the client, provided that no confidential Department of Justice information is disclosed. *Id.* at A–1.8, p. 229. Furthermore, she may practice law with a law firm which is handling matters which were pending in the office at the time of her incumbency provided that she does not appear before any court in connection with that matter. *Id.* A law firm may accept a case in which one of its attorneys participated while employed by the government only if it screens said attorney from the case. *Id.* at A–1.9, p. 230.

### Model Rules of Professional Conduct

The A.B.A. Model Rules of Professional Conduct (Model Rules) were adopted by this Court pursuant to Local Rule 211.4(B) and are the appropriate ethical standard to be applied by the federal courts in Puerto Rico. *Culebras Enterprises Corporation v. Rivera–Rios*, 846 F.2d 94 (1st Cir.1988). Rule 1.11 of the Model Rules provides that an attorney "shall not represent a private client in connection with a matter in which

the lawyer participated *personally and substantially* as a public ... employee, unless the appropriate government agency consents after consultation." (Emphasis added.) This rule does not prohibit Ms. Chavez' conduct in this case because both parties agree that she did not participate "personally and substantially" in this matter while employed by the U.S. Trustee.

The language of Rule 1.11 is essentially the same as the A.B.A. Code of Professional Responsibility Disciplinary Rule 9–101(B), which states that "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee." The policy considerations underlying DR9–101(B) include:

> the treachery of switching sides; the safeguarding of confidential governmental information from future use against the government; the need to discourage government lawyers from handling particular assignments in such a way as to encourage their own future employment in regard to those particular matters after leaving government service; and the professional benefit derived from avoiding the appearance of evil.

*Kessenich*, 684 F.2d at 97, *citing* American Bar Association Committee on Ethics and Professional Responsibility, Formal Opinion 342, pp. 3–4 (November 24, 1975). *See also, In re Asbestos Cases*, 514 F.Supp. 914, 920 (E.D.Va.1981). The Court in *Kessenich* found that, although there were no allegations of switching sides or use of confidential information, there was an appearance of impropriety which warranted disqualification of the former government attorney. *Id.* at 98.

In *United States v. Miller*, 624 F.2d 1198 (3d Cir.1980), the Court affirmed the District Court's disqualification of a former Assistant U.S. Attorney and his law firm on the basis of Rule 9–101(B), even though 18 U.S.C. § 207 (1980) did not prohibit the representation. The Court reasoned that since § 207 is a criminal statute rather than a comprehensive code of professional conduct, it does not prevent the Court from holding former government employees to more demanding standards in order to avoid any appearance of impropriety. *Id.* at 1202.

In *United States v. Dorfman*, 542 F.Supp. 402, 410 (N.D.Ill.1982), the Court stated that although a former U.S. Attorney had not violated § 207(b) (1978), and although the Court could not render an advisory opinion as to whether continued representation would violate § 207(b), the Court could disqualify the attorney if his appearance would violate the Code of Professional Responsibility.

Model Rule 1.11 and Disciplinary Rule 9–101(B) prohibit essentially the same conduct as 18 U.S.C. § 207(a), except that they are even more restrictive in that they prohibit all aspects of legal representation and counselling, while § 207(a) allows behind-the-scenes assistance. Furthermore, the Rules also restrict the former employee's law firm, unless the disqualified attorney is screened from the case or the government is notified of the situation, while § 207(a) does not impute the former employee's disqualification to his law firm.

However, the language used in 18 U.S.C. § 207(b), which is at issue here, has no parallel in the Model Rules. The only concern of the Rules in this situation would be that the former employee not disclose any confidential government information to an adverse party. Rule 1.11(b).

Model Rule 8.4 provides, in pertinent part, that it is professional misconduct for a lawyer to commit a criminal act or engage in conduct that is prejudicial to the administration of justice. This language is essentially the same as that found in Disciplinary Rule 1–102(A) of the Code. In *United States v. Dorfman*, 542 F.Supp. 402 (N.D.Ill.1982), the Court found that the actions of a former government attorney violated DR 1–102(A), without finding that they violated 18 U.S.C. § 207(b) (1978). The Court stated that the Rule encompassed § 207(b) because the statute defines conduct which is "illegal and prejudicial to the administration of justice," and therefore violations of § 207(b) are prohibited by the Model Code. *Id.* at 410.

■ The Court should disqualify an attorney only if it determines that it is an

appropriate means of enforcing the disciplinary rules, and after considering the purpose of the rule and any countervailing policies, such as the right to choose counsel and the right to practice without excessive restrictions. *Miller,* 624 F.2d at 1201.

### Policy Considerations

■ The Ethics in Government Act and the Code of Professional Responsibility seek to preserve public confidence in the integrity of the government, the judicial process and the legal profession by avoiding even the appearance of a public office being used for personal or private gain. *United States v. Dorfman,* 542 F.Supp. 402, 410 (N.D.Ill.1982); *In re Asbestos Cases,* 514 F.Supp. 914, 919 (E.D.Va.1981).

The U.S. District Court for the District of Columbia has stated that a Court must make its decision to disqualify an attorney "in the interest of justice to all concerned, and it must balance the need to ensure proper conduct on the part of lawyers appearing before it against the harm to other social interests which may ensue if disqualification is improvidently granted." *Laker Airways Limited v. Pan American World Airways,* 103 F.R.D. 22, 27 (D.D.C.1984). The Court considered several competing interests, including a litigant's right to freely chosen, competent counsel, the public interest in speedy resolution of lawsuits, an attorney's right to freely practice his profession, the court's wariness to take action which will discourage other attorneys from entering government employment, and the misuse of disqualification motions as a litigation tactic. *Id.* at 27, 28. *See also, Diaz–Estrada v. Lopez–Cabrera,* 632 F.Supp. 1174 (D.P.R.1986). The Court in *Laker* declined to disqualify a former government attorney based on the facts of that case, finding no violation of the Code of Professional Responsibility.

■ The right of a party to choose their own counsel is not absolute. *Miller,* 624 F.2d at 1203; *Figueroa–Olmo v. Westinghouse Electric Corporation,* 616 F.Supp. 1439, 1451 (D.P.R.1985); *In re Asbestos Cases,* 514 F.Supp. at 925. It is outweighed by the public interest in preserving the integrity and appearance of proprie-

ty of the legal profession. *Dorfman,* 542 F.Supp. at 411; *Kessenich,* 684 F.2d at 99; *In re Asbestos Cases,* 514 F.Supp. at 925. The Courts must balance the public's right to freely chosen counsel against its duty to maintain the highest ethical standards. *Diaz–Estrada,* 632 F.Supp. at 1175.

Because the Court is concerned with the integrity of the legal process, it must be careful in allowing a representation which may violate federal criminal laws or the rules of professional conduct. *Kessenich,* 684 F.2d at 98. In *Kessenich,* the Court stated "the possibility that continued representation may be illegal militates strongly in favor of disqualification in order to maintain the integrity of this court's processes." *Id.* at 99.

Former government attorneys have been disqualified even where the Court found no evidence of impropriety. *Id.* at 98 ("We do not intend to intimate that attorney Burr has not acted with integrity and candor."); *Miller,* 624 F.2d at 1203, fn. 2 ("Nothing in this decision should be considered as reflecting any unethical behavior by Mr. Horn or his firm."); *Dorfman,* 542 F.Supp. at 410 ("Mr. Sullivan has committed no act which would violate the statute...."); *In re Asbestos Cases,* 514 F.Supp. at 925 ("Without questioning Peterson's integrity or the sincerity of his efforts....").

### Application of Law to Facts

■ At the hearing on the First Application for Interim Compensation, which was held on June 1, 1990, the Court asked the parties if a factual finding was necessary in this case, noting that it had no evidence as to the extent of Ms. Chavez' participation in this case while employed by the U.S. Trustee's Office. It was the position of the U.S. Trustee that the Court need not determine the extent of participation by Ms. Chavez in this case while she was employed by the U.S. Trustee's office, and in fact he conceded that Ms. Chavez did not participate personally and substantially in this case. The Assistant U.S. Trustee stated that this was a matter of law, given the fact that Ms. Chavez was formerly employed by the U.S. Trustee's office, and is currently with the law firm representing

the trustee and involved in a case which was pending before the U.S. Trustee's Office during her tenure. For their part, Ramirez & Ramirez focused on the "personally and substantially" language of § 207(b)(ii)(3)(ii), stating that it was "extremely important" because Ms. Chavez did not work personally and substantially on this case while employed by the U.S. Trustee.

However, the section at issue here is § 207(b)(ii)(3)(i), not (ii), and therefore what is important is whether this case was "actually pending under [Ms. Chavez'] official responsibility as an employee" while she was employed by the U.S. Trustee's Office, not whether she participated "personally and substantially" in it. Unfortunately, the Court has no substantial evidence as to what Ms. Chavez' official responsibilities were, and therefore it cannot determine whether this case was actually pending under them. Accordingly, the Court will set a hearing to receive evidence as to the extent of Ms. Chavez' official responsibility while she was employed by the U.S. Trustee's Office.

As appears from the discussion above, Ms. Chavez' representation of the trustee in this matter does not violate the A.B.A. Model Rules of Professional Conduct, Rule 1.11, adopted by this Court pursuant to Local Rule 211.4(B), as both parties agree that she did not participate "personally and substantially" in this case while employed by the U.S. Trustee's Office. However, her conduct may violate Rule 8.4, if it is found to contravene § 207, or is found to be prejudicial to the administration of justice.

Therefore, once the Court determines whether this matter was under the official responsibility of Ms. Chavez, it will determine if her conduct violates § 207(b)(ii)(3)(i) and/or the Model Rules of Professional Conduct sufficiently to warrant her dis-

qualification from representing the trustee in this case. The Court may then decide whether to approve the pending portion of Ramirez & Ramirez' First Application for Interim Compensation.

*Conclusion*

An evidentiary hearing is hereby scheduled to consider the extent of Ms. Chavez' official responsibility over the case while she was employed by the U.S. Trustee's Office.

SO ORDERED.

## MEMORANDUM OPINION

This case is before the Court upon the First Application for Interim Compensation filed by the law firm of Ramirez & Ramirez, the attorneys for the Chapter 11 Trustee. The application was objected to by the United States Trustee, who alleges that Astrid Chavez, whose fees are included in the application, is disqualified from acting as attorney for the Chapter 11 Trustee because she was previously employed as a Bankruptcy Analyst by the United States Trustee's office. A hearing was held on June 1, 1990, at which time the Court took under advisement the allowance of compensation for the portion of the fees pertaining to work performed by Ms. Chavez, which amounts to $12,040.00. In the Opinion and Order of April 17, 1991, the Court found that it had insufficient evidence to determine whether Ms. Chavez should be disqualified pursuant to the Ethics in Government Act, 92 Stat. 1864 (1979) (current version at 18 U.S.C. § 207 (Supp. 1991) (herinafter referred to as § 207). A hearing was held on June 26, 1991, at which time the Court heard evidence as to the extent of Ms. Chavez' official responsibilities as a Bankruptcy Analyst with the U.S. Trustee's office.[1]

---

1. Ramirez & Ramirez argued at the June 26 hearing that the two subsections of § 207(b)(ii)(3) should be read as two prongs of a single test. Section 207(b)(ii)(3) provides "as to (i), which was actually pending under his official responsibility as an officer or employee within a period of one year prior to the termination of such responsibility, *or*, as to (ii), in which he participated personally and substan-

tially as an officer or employee;". (Emphasis added.) The conjunction "or" indicates alternatives. Ramirez' assertion that the U.S. Trustee's admission that Ms. Chavez did not participate personally and substantially precludes the Court from considering whether the matter was actually pending under her official responsibility is erroneous.

The Assistant U.S. Trustee presented the testimony of David J. Seldomridge, the Senior Regional Bankruptcy Analyst of the Office of the United States Trustee for the region encompassing Puerto Rico. Mr. Seldomridge testified as to the "Performance Appraisal Record" of Ms. Chavez. (Exhibit No. 1). This performance appraisal record contains a "Performance Work Plan", which consists of two sections—job elements and performance standards. Ms. Chavez' performance work plan consists of eight elements. Number one provides:

Reviews Chapter 11 petitions for compliance with legal requirements and technical accuracy in presentation of financial information. Assists in conducting section 341 A (sic) meetings as appropriate. Confers with parties regarding financial reporting requirements and accounting system structure.

Number two provides:

Performs financial analysis of Chapter 11 debtor's operating reports and financial statements to determine economic viability of the business and detect any suspected fraudulent activity. Makes recommendations based on analysis.

Number three provides:

In conjunction with job element # 2, conducts analysis of Chapter 11 debtor's financial condition for determining the feasibility of successful reorganization. Advises appropriate staff of conclusions.

Number 4 provides:

Reviews and makes comments on the adequacy of disclosure statements and plans of reorganization.

Number 5 provides:

Reviews applications for the employment of professionals and corresponding applications for payment of interim compensation.

Number 6 provides:

Assists in the supervision of the panel trustees.

Number 7 provides:

Reviews trustee's final reports for proper accountability of estate assets. Ensures compliance with proper exemption laws, abandonment procedures, trustee fees and professional fees.

Number 8 provides:

Other assigned duties.

The performance work plan and the testimony of Mr. Seldonridge indicate that Ms. Chavez was charged with reviewing and analyzing many aspects of Chapter 11 petitions and recommending courses of action to the staff attorneys and the assistant U.S. Trustees based upon her conclusions.

Based upon the evidence presented, the Court finds that Ms. Chavez had advisory responsibility within her position as a Bankruptcy Analyst with the U.S. Trustee's Office, *United States v. Miller*, 624 F.2d 1198 (3d Cir.1980), and that her conduct may have violated § 207(b)(ii)(3)(i). Therefore, in light of the policy considerations detailed in the Opinion and Order of April 17, 1991, the Court finds that Ms. Chavez was disqualified from acting as the attorney for the trustee in this matter. Accordingly, the pending portion of Ramirez and Ramirez' First Application for Interim Compensation is denied.

### Conclusion

The pending portion of Ramirez and Ramirez' First Application for Interim Compensation in the amount of $12,040.00 is hereby denied.

SO ORDERED.