**José A. REYES CAÑADA, et. al, Plaintiffs,**

v.

**César REY HERNÁNDEZ, et. al., Defendants.**

**No. Civ.01–1542(GAG).**

United States District Court, D. Puerto Rico.

March 21, 2002.

---

Eliezer Aldarondo–Oriz, Claudio Aliff–Ortiz, Hato Rey, PR, for plaintiffs.

Salvador Antonetti–Stutts, Griselle Gonzalez–Negron, P.R. Dept. of Justice, San Juan, PR, for defendants.

### OPINION AND ORDER

GELPI, United States Magistrate Judge.

The present action is brought to this Court, pursuant to 42 U.S.C. § 1983, by a group of individuals seeking redress for deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States of America, as well as for violations of rights guaranteed by the Constitution and laws of the Commonwealth of Puerto Rico. (Docket No. 1). Plaintiffs are all current and former employees of the Puerto Rico Department of Education, who claim they have been transferred, deprived of duties, and subjected to a hostile working environment solely because of their political affiliation to the New Progressive Party (NPP). As a result, plaintiffs seek declaratory and injunctive relief, back pay, front pay, compensatory and punitive damages. (Docket No. 1).

Before the Court, are defendants' motion to disqualify plaintiffs' legal representation and to stay proceedings (Docket Nos. 33, 45), and plaintiffs' opposition thereto and request for sanctions (Docket Nos. 35, 48, 49). Pending a ruling on the matter, the Court stayed all proceedings in this case (Docket No. 33).

In essence, defendants argue that plaintiffs' legal representation, the law firm of Aldarondo & López Bras (hereinafter "the law firm"), is violating the attorney-client privilege, as said law firm, pursuant to a contract, provided legal advice to co-defendant, Department of Education (hereinafter "DE")[1]. Consequently, defendants understand that there exists a conflict of interest, and, thus, the law firm should be disqualified pursuant to Model Rule of Professional Conduct 1.9.[2] Defendants further contend that the law firm *"could have been privy to confidential human resources directives …"* and that *"plaintiff's counsel may have gained confidential information …"* (emphasis added). The law firm, in turn, asserts that the attorney-client privilege has not been violated since its professional relationship was with the DE's former Secretary and administration, and, hence, never has worked on any matters or cases for the present Secretary and administration of the DE which have arisen following the 2001 change in administration.

---

1. The parties do not contest that there existed a contract to provide legal services to the Department of Education. The duration of said contract was from July 1, 2000 until March 23, 2001. (*See* Docket No. 35).

2. The United States District Court for the District of Puerto Rico adopted the Model Rules of Professional Conduct. *See* Local Rule 211.4. For a First Circuit and District of Puerto Rico analysis of the Model Rules *see* Velazquez–Hernandez, Jorge, *Curso Escrito Sobre Jurisdiccion Federal, Vol 1* (2000).

■ A motion to disqualify an attorney is an accepted and adequate resource for a party to bring a potential conflict of interest to the court's attention. *See Somascan Plaza v. Siemens*, 187 F.R.D. 34, 37 (D.P.R.1999). Said motions should, however, be approached with cautious scrutiny. *Estrada v. Cabrera*, 632 F.Supp. 1174, 1175 (D.P.R.1986); *Laker Airways Ltd. v. Pan American World Airways*, 103 F.R.D. 22, 28 (D.D.C.1984). This is so because motions to disqualify are often used for strategic purposes. *Estrada, supra* at 1175; *Smith v. Whatcott*, 757 F.2d 1098, 1099–1100 (10th Cir.1985); *Melamed v. ITT Continental Baking Co.*, 592 F.2d 290, 295 (6th Cir.1979). Thus, disqualifying a "party's chosen attorney is a serious matter which [may] not be supported by the mere possibility of a conflict." *Somascan Plaza, supra* at 37; *Estrada, supra* at 1175 (citing *Richmond Hilton Assoc. v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir.1982)).

Rule 1.9(a) of the Model Rules of Professional Conduct provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

The purpose of this disqualification rule is to prevent confidential information, from a prior representation, from being used for the benefit of another client who is now the adversary of the prior client. *See Polyagro Plastics v. Cincinnati Milacron*, 903 F.Supp. 253, 256 (D.P.R.1995); *Realco Services, Inc. v. Holt*, 479 F.Supp. 867, 871 (E.D.Pa.1979). Thus, the relevant test in ruling upon a motion to disqualify is "whether it could reasonably be said that during the former representation, the attorney might have acquired information related to the subject matter of the subsequent representation." *Estrada, supra* at 1174 (citing *La Salle Nat. Bank v. County of Lake*, 703 F.2d 252, 255 (7th Cir.1983)).

■ It is uncontested that the contract between the law firm and the DE was executed during the past New Progressive Party (NPP) administration by the past Secretary of the DE, Victor Fajardo. It is also uncontested that the Popular Democratic Party (PDP) administration, after winning the general elections in November of 2000, took over the DE's administration during the first days of January 2001. Defendants contend that because the law firm continued to represent the DE until March 23, 2002, Rule 1.9 automatically comes into play. The law firm, in turn, contends that the very limited work it continued to perform in 2001 related exclusively to pending cases, assigned to it by the prior administration of the DE, which dealt solely with issues pertaining to said past administration.

In *Estrada, supra*, the Court, facing a similar conflict of interest controversy also involving the law firm of Aldarondo and Lopez Bras and a municipality with whom the law firm maintained a contract during a prior government administration, ruled against disqualification. In *Estrada*, however, contrary to the scenario at bar, the law firm ceased its work for the municipality when the new administration took over. In the present case, the law firm's contract was not terminated until almost three months into the new administration, and the law firm continued to perform limited work on cases assigned to it by the past administration. Notwithstanding, based on the evidence presented at the evidentiary hearing, the Court concludes that disqualification of the law firm is unwarranted.

■ The First Circuit has adopted the "substantially related" test as the method

used to inquire whether disqualification is appropriate in cases dealing with attorneys and conflicts of interest. *See Borges v. Our Lady of the Sea Corp.,* 935 F.2d 436, 439 (1st Cir.1991); *Starlight Sugar v. Soto,* 903 F.Supp. 261, 265 (D.P.R.1995). Under this test, the first step is to factually reconstruct the scope of the prior representation. Second, the Court must determine whether it is reasonable to infer that the information allegedly given, would have been provided to an attorney involved in the representation of those matters. Lastly, the court must determine whether that information is relevant to the issues raised in the litigation pending against the former client. *Estrada, supra* at 1176; *La Salle National Bank v. County of Lake, supra* at 255.

■ It is not *per se* improper for a law firm to represent a party who is now adverse to a former client "without a showing by the former client that the matters in the pending suit are 'substantially related' to the matters in which the attorney previously represented the party". *Somascan Plaza, supra* at 38 (citing *Estrada, supra* at 1177); *Waterbury Garment Corp. v. Strata Productions,* 554 F.Supp. 63, 66 (S.D.N.Y.1982). The moving party bears the burden of proof in a motion to disqualify, *Starlight Sugar, supra* at 266; *Estrada, supra* at 1175; *In re Agent Orange Product Liability Litigation,* 800 F.2d 14, 18 (2nd Cir.1986). Said moving party must allege the type and nature of the confidences that were exchanged in the prior litigation that should subsequently disqualify the attorney in the latter representation. However, a mere allegation will not suffice to create the "irrebuttable presumption" of shared confidences. *See Starlight Sugar, supra* at 266.

Defendants contend that the law firm continued to represent the DE in cases similar to the one at issue, even after the new PDP administration took over. However, they fail to meet their burden of proof by presenting allegations without any evidentiary support. Further "only when the moving party delineates with specificity the subject matters, issues, and causes of action presented in the former representation can the district court determine if the substantial relationship test has been met". *Somascan Plaza, supra* at 39–40 (citing *Duncan v. Merrill Lynch,* 646 F.2d 1020, 1029 (5th Cir.1981); *Gibbs v. Paluk,* 742 F.2d 181 (5th Cir.1984)).

Notwithstanding the fact that the law firm represented the DE in similar cases as the one at bar (even during the three months after the new administration took over), the Court concludes that the law firm's disqualification is uncalled for. The affirmances to the Court by plaintiffs' counsel during the evidentiary hearing, as well as vouchers submitted to the DE by the law firm, indicate that all the work performed by the law firm, was related to matters referred to the law firm by the DE's past administration and not related to the present litigation. Defendants, during the evidentiary hearing, were unable to pinpoint with certainty any specific information, privileged or not, privy to the DE's present administration which was acquired by the law firm during its representation of the DE, which is now being used to plaintiffs' advantage. To the contrary, it is not disputed that the law firm has not participated in any policy making meetings of the present administration. Moreover, the Court is skeptical to believe that a law firm who represented a prior political administration at the DE, would use and gather privileged information from the working procedures and policies of the new political administration, when in fact, the cases worked on dealt exclusively with matters involving the past administration. The defendants have also not established the "irrebuttable presumption" of shared confidences. *See Starlight Sugar, supra*

at 261 (stating that mere allegations, without specifying the type and nature of the confidences exchanged, will not suffice to create the "irrebuttable presumption" of shared confidences).

The Court has also considered the testimony of three of the plaintiffs during the evidentiary hearing to the effect that in 2001 they appeared at the law firm, prior to March 23, seeking legal advice. All plaintiffs, however, were informed that the law firm's attorneys could not represent them at the time. It was thus not until after March 23, 2001, when the professional services contract between the law firm and the DE was terminated that plaintiffs returned to the law firm and an attorney-client relationship was established. These events, in and of themselves, are nonetheless also insufficient to establish a violation of Model Rule 1.9.

**WHEREFORE,** in light of the aforementioned, the Court hereby **DENIES** defendants' Motion to Disqualify (Docket Nos. 33, 45) and **LIFTS** the Order to Stay of Proceeding (Docket No. 33). In addition, the Court finds that defendants' arguments were not so meritless and frivolous in this case as to warrant sanctions, and thus hereby **DENIES** plaintiffs' Motion for Sanctions (Docket 48).

**SO ORDERED.**