**Jose REYES CAÑADA,**
**et. al.   Plaintiffs**

v.

**Cesar REY HERNANDEZ,**
**et. al.   Defendants**

**No.  CIV.01–1542 JAG/GAG.**

United States District Court,
D. Puerto Rico.

July 15, 2004.

Pablo Landrau Pirazzi, Esq., Aldarondo & López Bras, Guaynabo, PR, for Plaintiff.

Frederic Chardón Dubos, Esq., Marie Cortés, Esq., Luisselle Quiñones–Maldonado, Esq., Luis A. Rodríguez–Muñoz, Esq., Landrón & Vera, LLP, San Juan, PR, Llovet, Zuriñaga & López, San Juan, PR, for Defendants.

### MEMORANDUM OPINION
### AND ORDER

GELPI, United States Magistrate Judge.

On July 14, 2004, the Court held an evidentiary hearing to determine whether co-plaintiff, Luis A. García González, could

be removed from his trust position of Executive II pursuant to the *Elrod–Branti* doctrine. *See Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *see also Jimenez Fuentes v. Torres Gaztambide,* 807 F.2d 236 (1st Cir.1986). Upon conclusion of said hearing the Court issued a bench ruling finding that the *Elrod–Branti* doctrine was inapplicable. The Court hereby restates the same.

■ Based on the evidence presented at the hearing, the Court concludes that the trust position at issue, despite any possible confidential inherent nature it may have, does not relate to partisan political interests or concerns. *Jimenez Fuentes,* 807 F.2d at 241 (quoting *Branti,* 445 U.S. at 519, 100 S.Ct. 1287). Plaintiff testified that as an Executive II trust employee at the office of administrative complaints of the Department of Education he investigated instances of rape/sodomy to minors by teachers and also instances of teachers charged with other criminal conduct. He also investigated matters in civil suits brought against the Department of Education. In particular, he mentioned suits for trespassing onto real property of the Department. Such duties were uncontroverted by defendants.

Certainly, the above mentioned investigations, as are most investigations of this sort at any government agency, are of a highly confidential nature so as to protect the privacy of those involved. More so, they are of utmost importance to the proper functioning of the agency as an arm of the Commonwealth Government. Notwithstanding, the Court is unable to see how such investigations relate to partisan political interests. To conclude otherwise, would entail that all or most confidential investigations of this sort performed by government officials in any given agency or department are political in nature.

During the evidentiary hearing, no convincing evidence was presented to the Court to the effect that plaintiff's investigations responded to partisan political interests. Further, no evidence was presented to the effect that plaintiff specifically investigated political discrimination lawsuits filed against the Department of Education and/or its Secretary

■ At the close of the evidence, when the parties had already rested their case and the Court issued its ruling, defendants requested the Court to reconsider its ruling based on a proffer of additional testimony by Lizzette Pillich, the Department's Human Resources Assistant Secretary, who was present and available throughout the entire hearing. The Court denied reopening the hearing, as the parties had more than ample time to present their evidence. More so, the evidentiary hearing lasted from 10:00 a.m. until 5:00 p.m. with a forty five minute break. Accordingly, the Court was not required to consider new evidence. *See, e.g., Evident Corp. v. Church & Dwight Co., Inc.,* 2002 WL 31553831 * 10 (D.N.J.2002), *aff'd,* 78 Fed. Appx. 113, 2003 WL 22332115 (Fed.Cir. 2003) (citing *Zenith Radio Corp. v. Hazeltine Research,* 401 U.S. 321, 331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)) (noting that the decision to reopen a record after an evidentiary hearing for the submission of additional evidence is addressed to the sound discretion of the hearing court, and, holding that hearing could not be reopened as party offered no excuse for its failure to introduce the evidence at the hearing); *see also In re Orlan,* 138 B.R. 374, 377 (E.D.N.Y.1992) (citing *Zenith Radio, supra* ) (noting discretion of court in reopening an evidentiary hearing).

**SO ORDERED.**