Jose A. REYES CAÑADA,
et al., Plaintiffs,

v.

Cesar REY HERNANDEZ,
et al., Defendants.

Civ. No. 01–1542 (JAG/GAG).

United States District Court,
D. Puerto Rico.

Oct. 14, 2005.

Eliezer Aldarondo, San Juan, PR, for Plaintiffs.

Edward Hill Tollinche, San Juan, PR, Marie Cortes–Cortes, Kristine Burgos, Heyto Rey, PR, Luis Rodriguez Munoz, for Defendants.

## OPINION AND ORDER

GELPI, United States Magistrate Judge.

*The purpose of discovery is to make a trial less a game of blindsman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.* Anderson v. Cryovac, Inc., 862 F.2d 910, 929 (1st Cir.1988) (quoting *United ed States v. Procter & Gamble*, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)).

*Once a proper discovery request has been seasonably propounded, [a district court must] not allow a party sentiently to avoid its obligations ... by failing to examine records within its control. Anderson, 862 F.2d at 910.*

The present case dates back to May 1, 2001, when plaintiffs filed their complaint alleging that the then Secretary of Education and several members of his personal staff discriminated against and harassed them based on their political affiliation. The case surpassed the summary judgment hurdle and was tried during May to June of 2004. After more than twenty (20) days of trial, the result was a hung jury. Following a plethora of motions, an interlocutory appeal, as well as additional limited discovery, the retrial of the case commenced on September 26, 2005.[1]

The controversy now before the Court involves the nine career driver plaintiffs who previously stood trial. During retrial, the first driver plaintiff, Jesús Martínez, in his direct testimony, made reference to an unsigned and undated document in his personnel file which contained a description of his job duties. This document was admitted into evidence as Plaintiffs' Exhibit 4C.

1. For a detailed history of the litigation in this case, please *see* the Court's published opinions, *Reyes Cañada v. Rey Hernández*, 193 F.Supp.2d 409 (D.P.R.2002); 286 F.Supp.2d 174 (D.P.R. 2003); 221 F.R.D. 294 (D.P.R.2004); 326 F.Supp.2d 255 (2004); 224 F.R.D. 46 (D.P.R. 2004); and, 340 F.Supp.2d 142 (D.P.R.2004).

During Martínez's cross-examination, counsel for defendant Lizzette Pillich, in an impeachment attempt, showed him copy of his DE–16 form. The same contains a more limited description of plaintiff's duties as a driver. It is also dated and signed by him.

Plaintiff's counsel immediately objected to the document's use as the same had not been provided to him during discovery. There is no dispute as to this fact. More so, the existence of this document was unknown by counsel for all other four codefendants, as well as Pillich's former counsel. It was only through the zealousness of Pillich's present counsel,[2] that this document was found at the Department of Education the very afternoon of Martínez's direct examination. Once its existence became known, however, all defendants joined Pillich in her request to use said evidence.

Defendants contend that, even if Martínez's DE–16 form is not admissible as substantive evidence because it was not provided in discovery nor announced in the pretrial order, it may nonetheless be used for impeachment purposes. Pending a ruling on the issue, the Court precluded further use of the DE–16 forms of this plaintiff and all other driver plaintiffs, who also fall under the same predicament. The Court further ordered the Department of Education's Deputy Secretary for Human Resources to appear in Court with all of plaintiffs' personnel files. In addition, the Court ordered expedited briefing of the matter. Having reviewed and considered the parties' submissions (*see* Docket Nos. 649, 651, 656, 661, 664, 665 and 666), the Court concludes that all use of the DE–16 forms by defendants at trial must be precluded. The Court's reasons are discussed *seriatim*.

### 1. Plaintiffs, through discovery, requested certified copies of their Department of Education Personnel Files

 Via letters dated November 5, 2001 plaintiffs requested of defendants Cesar Rey and Lizzette Pillich, Secretary of Education and Deputy Secretary for Human Resources, respectively, "*certified copy of plaintiffs' personnel files with the DE*". (*See* Docket No. 652, attachments 1 and 2). Defendants subsequently provided to the driver plaintiffs certified copies of their respective personnel files. None of these included a DE–16 form for each driver plaintiff. No subsequent discovery disputes arose out of the discovery of the personnel files.

At the summary judgment stage no mention was made of the DE–16 forms in the defendants' arguments. *See Reyes Cañada v. Rey Hernández*, 286 F.Supp.2d 174. At the initial trial, likewise, no mention of the driver plaintiffs' DE–16 forms came about. Furthermore, during the limited discovery allowed by the Court prior to the commencement of the retrial, these forms never surfaced nor were an issue.

Carmen Rosario, Deputy Secretary of Human Resources at the Department of Education, was called by the Court to testify as to the DE–16 forms. Rosario has occupied her position in the agency since the present year. However, she has vast experience in the human resources field, particularly at the local government level. During the past government administration (2001–2004) she was the Director of the Commonwealth's Human Resources Office.

Rosario first explained that in the Department of Education there are four types of personnel files, each found at a different division within the Human Resources Department: (1) a personnel documents file, (2) a classification and retribution documents file, (3) a medical documents file, and (4) a retirement documents file. The DE–16 forms at issue were kept in the classification and retribution file pertaining to the position which plaintiff occupies. This file is duly identified by specific position number, rather than by the name of the individual employed by the agency who occupies the given position. Contrariwise, plaintiff's personnel file can be found under his name and other personal data.

---

**2.** Pillich's present counsel, Edward W. Hill Tollinche, assumed her representation prior to the retrial of the case.

Rosario stated that not all agencies in the Commonwealth of Puerto Rico employ the use of separate personnel files. Consequently, in certain agencies the DE–16 equivalents are found in an employee's personal personnel file. Rosario also indicated that the personal personnel file and classification and retribution file are two types of personnel files. Finally, Rosario noted that when Pillich was Deputy Secretary of Human Resources (at the time the discovery request was made) she had access to both the personal personnel file of plaintiff, as well as his respective classification and retribution file.

■ Having considered Rosario's explanation, the Court concludes that the driver plaintiffs' DE–16 forms should have been produced by defendants during discovery. Clearly, these documents pertain to plaintiffs' personnel *status* at the Department of Education. Although not contained in the same file, they nonetheless are extremely relevant to plaintiff's position and work duties. The fact that a number of Commonwealth agencies include these documents as part of one single personnel file further evidences that it is *objectively reasonable* to conclude that a discovery request for an employee's personnel file documents will entail DE–16 forms.[3] Moreover, the fact that Rosario, if faced with a discovery request as that made to Pillich and Rey, would herself only produce the personal personnel files of plaintiffs, and not the ones containing the DE–16 files, is inconsequential. Again, the Court notes that an objectively reasonable attorney, just as a Human Resources Deputy Secretary from another agency, could expect the discovery request to encompass documents from both types of files. Accordingly, the Court concludes that defendants Rey and Pillich incurred in a discovery violation by not producing the DE–16 forms to plaintiffs. As such, the use of the same as substantive evidence at trial is hereby precluded.[4]

## 2. Defendants' Failure to Mention the DE–16 Documents in the Pretrial Order Precludes their Substantive use at trial

■ In this case it is an undisputed fact that neither the pretrial order nor amended version thereof make any mention of the DE–16 documents at issue. Moreover, in their theory of the case, as spelled out in the pretrial orders, defendants do not erect their *Mt. Healthy* defense on the proposition that plaintiffs' multiple job duties under the previous administration exceeded those encompassed in their DE–16 forms. In addition, defendants already litigated this case, first, at the summary judgment stage, and later, at the month-long verdictless trial. Never, during said period did the DE–16 forms come into play. Prior to the retrial, and until the first witness (Martínez) testified on direct examination, no mention of the forms was made.

The Court concludes, based on the above, that plaintiffs' counsel has been *"unfairly surprised,"* and, that to permit the DE–16 forms to be introduced as substantive evidence would constitute undue prejudice. *Cf. Pérez–Pérez v. Popular Leasing Rental, Inc.,* 993 F.2d 281, 286–288 (1st Cir.1993) (holding that testimony of undisclosed medical expert

---

3. Defendant Rey's counsel contends that because plaintiffs' counsel, Eliezer Aldarondo, previously represented the Department of Education, *see* 193 F.Supp.2d at 410–413, he should have been aware of the fact that two types of personnel files existed. Accordingly, he should not be excused by the Court from separately requesting both during discovery. The Court disagrees. This argument fails given the fact that defendants' own attorneys throughout this case likewise were unaware that the DE–16 forms existed in a separate file. If they did, they would have certainly used the same as evidence during the summary judgment phase and first trial. As noted at footnote 2, *ante*, it was attorney Hill, who became aware of this fact recently, once the retrial began.

4. This ruling likewise extends to the remaining defendants, who were jointly represented by Pillich's counsel until the retrial, and at the original trial engaged in a joint and concerted defense. *See Great Western Funding, Inc. v. Mendelson,* 158 F.R.D. 339 (E.D.Pa.1994), *aff'd.,* 68 F.3d 456 (3rd Cir.1995) (table) (holding that co-plaintiff represented by same counsel and, who acted in concert during pretrial phase, would not be excused of discovery violations). The Court notes that all defense counsel who appeared during the first trial and retrial, did not partake in the discovery process. They initially appeared, following the denial of defendants' summary judgment motions. Notwithstanding, their predecessors' discovery violations now bind them.

which changed theory of the case as spelled in pretrial order constituted unfair surprise, warranting vacating of jury verdict).

Here, plaintiffs' counsel has twice prepared his clients' case around the theory that plaintiffs' job duties were those testified by plaintiffs during the initial trial. These duties coincide with those in the job description contained in plaintiffs' personal personnel files. To now inject the DE–16 forms into the equation would require a total overhaul of plaintiffs' theory of the case.

The Court, having already presided over the original trial, and thus, being extremely familiar with the evidence in the case, further understands that the DE–16 forms would play a considerable, perhaps even decisive, weight in defendants' *Mt. Healthy* argument, both at the Rule 50 and jury deliberation stages. The hung jury verdict in the first trial itself evidences the thin line between a verdict in favor or against plaintiffs based on the evidence, exclusive of the DE–16 forms.

In addition, the Court notes that in the case of co-plaintiff Luis A. García González, the Court held an *Elrod–Branti* evidentiary hearing in preparation for this trial.[5] *See* 326 F.Supp.2d 255. During this hearing, defendants in fact produced said plaintiff's DE–16 form to evidence his job duties. No mention was made at this hearing that a separate classification and retribution file existed. Accordingly, all parties and counsel, at the time, must have been under the reasonable impression that if a DE–16 form existed as to a given plaintiff, the same would be included in his personal personnel file.

This Court hereby echoes the words of the First Circuit in *Pérez–Pérez, supra* at 281:

> We are aware of the difficulty of excluding highly relevant and perhaps dispositive [evidence] which apparent substantive justice requires should be considered by the jury. Apparent substantive justice may be illusory, however, if the purportedly dispositive evidence is not subject to fair testing in an even handed process.

Notwithstanding that the non disclosure of the DE–16 forms may not have been an intentional act by defense counsel, the element of undue and unfair surprise remains, and cannot be cured at this late stage of the game.

### 3. The DE–16 Forms do not fall within an Exception to the Discovery Rules because their Purpose is Substantive

■ Fed.R.Civ.P. 26(a)(3) provides that evidence which is to be used solely for impeachment purposes need not be produced as part of discovery. Defendants insist that their proposed use of the DE–16 forms would be exclusively for impeachment purposes, hence, falls under the aforestated proviso. The Court disagrees.

In *Klonoski v. Mahlab*, 156 F.3d 255, 269–271 (1st Cir.1998), the First Circuit held that where a particular type of evidence serves both substantive and impeachment functions, the same is not covered by the exception to the Rule 26 discovery requirements. Such is the case here. The DE–16 Forms (which are signed by plaintiffs) can arguably be used to impeach a plaintiff as to awareness that he was not required to perform certain duties, when in fact he did. On the other hand, this evidence goes directly to defendants' *Mt. Healthy* argument. Specifically, it is probative that the many duties plaintiffs performed which resulted in significant overtime pay, at times doubling their salary, were properly stripped from them by defendants. This would serve to curtail plaintiffs' alleged damages from loss of overtime pay. More important, it would provide an additional legitimate reason to defendants' purpose in relocating plaintiffs.

### 4. Conclusion

Given the Court's aforestated reasons, the Court hereby **PRECLUDES** in its entirety the use of the DE–16 forms as to all driver plaintiffs, and any other plaintiff not provided with the same upon discovery or prior to retrial. To allow introduction of the DE–16 evidence would only foster what has been

---

**5.** This hearing was held between the first trial and the retrial. The same was held on July 14,

2004. García González is not a driver plaintiff.

condemned by the First Circuit, that is, trial by ambush. *Klonoski,* 156 F.3d at 271.

**SO ORDERED.**