**Jose A. REYES CANADA,**
**et al., Plaintiffs,**

v.

**Cesar REY HERNANDEZ,**
**et al., Defendants.**

**Civ. No. 01–1542(JAG/GAG).**

United States District Court,
D. Puerto Rico.

April 22, 2004.

Pablo Landrau Pirazzi, Aldarondo & López Bras, Guaynabo, PR, for Plaintiff.

Frederic Chardón Dubos, Luis A. Rodríguez Muñoz, Landrón & Vera, LLP, San Juan, PR, for Defendants.

### MEMORANDUM OPINION AND ORDER

GELPI, United States Magistrate Judge.

Before the Court are plaintiff, Roberto Ramírez's *Motion for Partial Reconsideration of Opinion and Order* (filed as Docket No. 159), defendants' *Opposition* thereto (Docket No. 165), and plaintiff's *Reply* (Docket No. 167).

At the outset, the Court notes that plaintiff's *Motion for Partial Reconsideration*, although docketed on 4/12/04 bears the Court's filing stamp with date of October 3, 2003, a time prior to the implementation of the Court's electronic filing system. Said motion for reconsideration was brought to the Court's attention just days before the 4/12/04 pretrial conference, when plaintiff's counsel contacted chambers personnel to inquire as to the status of the same. Because the Court was unable to locate the same in its docketing system, counsel was instructed to fax a copy thereof to chambers.

Subsequently, at the 4/12/04 pretrial conference, the Court brought said motion to all counsels' attention, noting that either (i) the same was duly filed with the Court, but never docketed due to an internal mishap, or, (ii) whoever was responsible for filing said motion stamped the same, yet never proceeded to actually file it with the Court—a mistake the Court has on occasion witnessed in other cases involving different counsel, particularly when a person who does not regularly do court filings does so.

At the 4/12/04 pretrial conference, defendants' counsel further informed the Court that they had never received copy of said motion, and recently became aware of the same at a 4/08/04 attorney conference to prepare the pretrial order.

In order to allow defendants to properly respond to the plaintiff's motion, the Court at the 4/12/04 pretrial conference ordered that the same first be filed via the electronic filing system. Plaintiff, in turn, did just so. *See* Docket No. 159. In turn, defendants duly opposed the motion. *See* Docket No. 165.

Defendants, in their opposition, contend that the Court cannot reconsider its summary judgment order (Docket No. 134) issued by the Court on September 30, 2003, and docketed on October 1, 2003. Said order had the effect of entering summary judgment in defendants' favor as to plaintiff Ramírez's claims of political discrimination. Defendants base their argument on Fed.R.Civ.P. 59(e), which grants a party ten (10) days from the entry of judgment to file a motion to alter or amend judgment. By way of jurisprudence, reconsideration motions are governed by the time parameter set forth in Rule 59(e). *See Young v. Gordon,* 330 F.3d 76, 80 (1st Cir.2003); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 3d* § 2810.1 (1998).

In this case, the Court finds Rule 59(e) inapplicable as the Court has never entered a partial judgment dismissing the claims brought by plaintiff Ramírez. A partial summary judgment order without a separate entry of judgment order does not preclude the Court from reconsidering the ruling in question later during the litigation. *See Alberty–Vélez v. Corporación de Puerto Rico Para la Difusión Pública,* 361 F.3d 1, 6 n. 5 (1st Cir.2004)(holding that a district court retains authority to modify a summary judgment order at any time).

If a district court, however, does decide to revisit a newly revived issue, adequate notice and an opportunity to contest the claim must be afforded to the opposing party. *Alberty–Vélez, supra* at 6, n. 5. Furthermore, the district court must also afford itself a meaningful opportunity to address the revived summary judgment issue, particularly, as is the case here, where the motion for reconsideration may possibly have merit.

This Court finds that an opportunity to meaningfully revisit the summary judgment issue as to plaintiff Ramírez is presently unavailable in light of the fact that trial is set to commence on 5/03/04—ten (10) days from now. During this remaining time, both parties have to prepare for a bifurcated trial which will last approximately three weeks to

one month. Even more important, the Court during this time will be extremely busy working on a myriad of other civil and criminal matters which need to be attended prior to the start of trial, including one pending motion in this case. Furthermore, as defendants correctly point in their opposition, this matter could have been brought to the Court's attention earlier, at the 11/04/03 status conference (*see* Docket No. 138).

Accordingly, the Court declines at this time to reconsider its summary judgment ruling dismissing plaintiff Ramírez's political discrimination claims. However, giving plaintiff all benefit of the doubt as to his good-faith effort to file his motion for reconsideration in a timely manner, the ruling will be without prejudice as to the following claims: (i) that he was totally deprived of duties and subjected to hostile environment in the workplace based on his political affiliation, and (ii) he was not afforded due process when his salary differential was eliminated. Partial judgment shall be entered accordingly, thus allowing him to file a subsequent new action.

Wherefore, plaintiff Roberto Ramírez's *Motion for Partial Reconsideration* (Docket Nos. 159, 167) is hereby DENIED, and defendants' *Opposition* thereto (Docket No. 165) is GRANTED.

**SO ORDERED.**