**Jose A. REYES CAÑADA, et al., Plaintiffs,**

**v.**

**Cesar REY HERNANDEZ, et al., Defendants.**

No. CIV.01–1542 (JAG–GAG).

United States District Court, D. Puerto Rico.

July 21, 2004.

sion outside adversarial issues presented to Court, or made error not of reasoning but of apprehension. Fed.Rules Civ.Proc.Rule 59(c, e), 28 U.S.C.A.

---

Pablo Landrau–Pirazzi, Ivan M. Castro–Ortiz, Eliezer Aldarondo–Ortiz, Claudio Aliff–Ortiz, Aldarondo & Lopez Bras, Hato Rey, PR, for Plaintiffs.

Rafael Escalera–Rodriguez, Pedro Santiago–Rivera, Reichard & Escalera, Eileen Landron–Guardiola, Eduardo A. Vera–Ramirez, Ivette Berrios, Landron & Vera LLP, Grisselle Gonzalez–Negron, Faccio & Pabon Roca, Maria L. Santiago–De–Vidal, Department of Justice Federal Litigation Division, San Juan, PR, Luisselle Quinones–Maldonado, Llovet Zurinaga & Lopez, PSC, Hato Rey, PR, for Defendants.

### OPINION AND ORDER

GELPI, United States Magistrate Judge.

Before the Court are defendants' motion for summary judgment with respect to plaintiff Roberto Ramírez's ("Ramírez") First Amendment claims (Docket No. 306) and plaintiffs' opposition thereto (Docket No. 322).[1]

This Court granted summary judgment with respect to Ramírez's claims on September 30, 2003. *See Reyes Cañada v. Rey Hernandez*, 286 F.Supp.2d 174, 181 (D.P.R. 2003). In response to the dismissal of Ramírez's claims, plaintiffs filed a motion for partial reconsideration on October 3, 2004. On April 22, 2004, this Court declined to reconsider its ruling with respect to Ramírez's claims because the pretrial conference was days away, and had yet to receive notice of plaintiffs' motion for reconsideration. *See Reyes Cañada v. Reyes Hernandez*, 221 F.R.D. 294, 296 (D.P.R.2004). Thus, this Court advised counsel that the dismissal of Ramírez's claims would be addressed at a later date. *Id.* In accordance with this ruling, defendants have filed a motion for summary judgment reviving the issue and re-

---

1. Although the parties filed their respective memoranda under Rule 56 of the Federal Rules of Civil Procedure, the Court will treat this motion as a motion for reconsideration, as the Court has already rendered a decision with respect to Ramírez's claims. Fed.R.Civ.P. 59(e).

questing this Court to affirm its September 30, 2004, ruling. (See Docket 306, p. 2).

## I. Factual Background

Since 1976, Plaintiff Roberto Ramírez has held several trust positions with the Department of Education. Ramírez's most recently held trust position was as Special Assistant IV for the Ponce Region of the Department's Public Schools Improvement Office ("OMEP"). In September 2000, Ramírez asked then Secretary of Education, Víctor Fajardo, to convert his Special Assistant IV position into a career position. Fajardo did so, and Ramírez's new career title was Executive Director II for the Ponce Region of the OMEP.

On January, 1, 2001, the same day defendant César Rey took office, several persons were designated as Regional Coordinators and assigned to various OMEP locations. (See Docket 118, p. 5 ¶ 3). A regional coordinator affiliated with the PDP was assigned to Ramírez's office in Ponce. Ramírez alleges that not soon after his arrival the new coordinator began to usurp his functions as Executive Director II—OMEP Regional Director. (See Docket 127, p. 11 ¶ 2). Ramírez further alleges that he was stripped of his "functions" and "was assigned duties inferior to those typified in his class description." (See Docket 322, p. 7.)

## II. Legal Standard for Motion for Reconsideration

According to Rule 59(e) of the Federal Rules of Civil Procedure, a party may ask the Court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." *Colon v. Fraticelli,* 181 F.Supp.2d 48, 50 (D.P.R.2002) (citing *Aybar v. Crispin–Reyes,* 118 F.3d 10, 16 (1st Cir. 1997)). Rule 59(e), however, is "aimed at reconsideration, [and] not initial consideration," and thus is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not. *See Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc.,* 37 F.3d 25, 29 (1st Cir.1994) (citing *F.D.I.C. v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992));

*see also Aybar,* 118 F.3d at 16. Motions for reconsideration shall be granted "to correct manifest errors of law or fact or to present newly discovered evidence." *Keene Corp. v. International Fidelity Ins. Co.,* 561 F.Supp. 656, 665–66 (N.D.Ill.1982) *aff'd.,* 736 F.2d 388 (7th Cir.1984). A motion for reconsideration should be granted only if the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990). A further basis for a motion for reconsideration is a significant change in the law or facts since the submission of the issues to the court by the parties. *Id.* Such problems rarely arise; therefore the motion for reconsideration should be equally rare. *Id.*

## III. Ramírez's Motion for Reconsideration

### A. *The Court's September 30, 2004 Ruling*

It is important to note at the outset that Ramírez's political discrimination claim is premised upon revocation of his duties as Executive Director II. In their motion for summary judgment (Docket No. 118) defendants argued that Ramírez's duties were reassigned because he was functioning as a confidential employee under the guise of a career title. Specifically, defendants argued that Víctor Fajardo's reclassification of Ramírez's position from confidential to career, effectuated at Ramírez's request, was in violation of Personnel Law 1351(7), which states, "[t]he change of category of a confidential employee to a career position shall only be authorized when a change occurs in the functions or in the organizational structure of the agency so justifying it …." Public Personnel Act, ("Act") § 1351(7), P.R. Laws Ann. tit. 3 §§ 1350–1351. Defendants cited the violation of this statute as its legitimate, nondiscriminatory reason for revoking most of Ramírez's existing duties as Executive Director II and assigning him duties more consistent with his status as a career employee.

In his oppositional memorandum, plaintiff failed to address the reclassification of his position, to wit, that the change in his job classification was due to "changes in the functions or in the organizational structure of the agency." Act § 1351(7). In analyzing whether Ramírez's reclassification was in violation of § 1351(7), the Court found persuasive Ramírez's statement that his duties and responsibilities in his newly created career position *were exactly the same* as they had been in his former trust position, even in light of his reclassification as a career employee. (*See* Docket 127, pg. 34). The Court also found persuasive that Ramírez himself had asked for the reclassification. In addition, every employee who occupied a Regional Director position with the OMEP other than Ramírez occupied a position of trust. (Docket No. 118, p. 16). When César Rey took office, Ramírez was still performing the confidential duties of a Special Assistant IV, but under the guise of his new, career title, as Executive Director II. Thus, the Court found that defendants had proffered a legitimate, nondiscriminatory reason for assigning the majority of Ramírez's functions to the newly appointed Regional Coordinator.

In response, Ramírez failed to offer even a modicum of evidence indicating that the revocation of his duties would not have occurred in any event for nondiscriminatory reasons. *Acevedo–Díaz*, 1 F.3d at 67. Thus, the Court granted summary judgment in favor of defendants.

B. *Ramírez's Arguments on Reconsideration*

■ For the first time, plaintiffs ask this Court to analyze whether Ramírez's position as Special Assistant IV, and OMEP's Ponce Regional Director, was a position of trust. This argument was available, but never raised in their opposition to summary judgment. In fact, plaintiffs stated "[Ramírez] held a Special Assistant to the Secretary IV [position], a trust position .... As Special Assistant to the Secretary IV, plaintiff managed the Ponce regional division of the OMEP, and sub-managed the San Juan office." (*See* Docket 127, p. 33). Plaintiffs further stated "[d]uring the summer of 2000,

plaintiff requested to be reinstated to a career position .... Plaintiff was reinstated to an Executive II career position, but continued performing the same duties he carried out as Special Assistant to the Secretary IV." *Id.*

According to Rule 59(e), a party may ask the Court to amend its judgment based on newly discovered material evidence, or because the Court committed a manifest error of law or fact. *See Jorge Rivera Surillo & Co.*, 37 F.3d at 29. Whether Ramírez held a trust position as the OMEP Ponce Regional Director (prior to his reclassification) was an argument fully available to plaintiffs at the time they filed their motion in opposition to summary judgment. "A motion for reconsideration is not a proper mechanism to advance arguments that should have been presented before judgment was entered, but were not." *Jorge Rivera Surillo & Co.*, 37 F.3d at 29. There is no indication in the record that the evidence to support this argument was not fully discoverable prior to their filing an opposition. Accordingly, the Court will not entertain this issue on reconsideration, as this would give Ramírez two bites at the proverbial apple.

■ Likewise, Ramírez raises for the first time the issue that he was deprived of all job functions. (*See* Docket 322, p. 34). In plaintiffs' memorandum in opposition to summary judgment, plaintiffs frame the issue as "whether plaintiff was deprived of functions, which he was performing outstandingly, for purely political reasons." (*See* Docket 322, p. 11). Thus, the plaintiffs focused on the stripping of Ramírez's administrative duties. For example, plaintiffs stated, "all the instructions were channeled through the coordinator rather than plaintiff." *Id.* Plaintiffs also stated that Ramírez was "[s]tripped of [his] former authority to authorize payments .... His authorization to sign checks against the Government Development Bank's pertinent account was substituted by the new [Regional Director]." *Id.* In plaintiffs' statement of contested facts, however, plaintiffs did mention that "[Ramírez] sat in his office doing nothing," but this statement was intertwined with other statements indicating his dissatisfaction with his newly assigned duties.

Plaintiffs never argued that Ramírez was stripped of all duties, but only those duties which he had performed as OMEP's Ponce Regional Director, a position of trust. (*See* Docket 322, p. 34). This Court may not grant a motion for reconsideration unless plaintiffs point to a "manifest error[ ] of law or fact or [ ] present newly discovered evidence." *Keene Corp.*, 561 F.Supp. at 665–66. In addition, plaintiffs have not argued that this Court patently misunderstood a party, made a decision outside the adversarial issues presented to the court, or made an error not of reasoning but of apprehension. *Bank of Waunakee*, 906 F.2d at 1191.

## IV. Conclusion

For the reasons stated herein, the Court **GRANTS** defendants' motion [Docket No. 306] and hereby dismisses Ramírez's claims based on political discrimination.

**SO ORDERED.**