FEDERAL INSURANCE COMPANY, as subrogee of CareGroup, Inc., Plaintiff,

v.

BOSTON WATER AND SEWER COMMISSION and MATEP, LLC, Defendants.

Civil Action No. 05–12391–NMG.

United States District Court, D. Massachusetts.

March 18, 2008.

Michael J. Izzo, Jr., Lawrence F. Walker, Cozen and O'Connor, Philadelphia, PA, Patrick J. Loftus, III, Law Offices of Patrick Loftus, Boston, MA, for Plaintiff.

James J. Steinkrauss, Boston Water & Sewer Commission, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

This case involves an insurance dispute arising from a flood at a Boston hospital in 2004. After paying a claim, the hospital's insurance carrier, as subrogee, brought this lawsuit against water and electric utilities maintaining equipment near the hospital. The plaintiff has filed motions to amend an already amended complaint, for reconsideration of this Court's order allowing partial summary judgment and to supplement the record.

### I. *Background*

Plaintiff Federal Insurance Company ("FIC") brought this subrogation action against the defendants to recover damages for a flood that occurred at the Beth Israel Deaconess Medical Center ("Beth Israel") in January, 2004. The insured, Care-Group, Inc. ("CareGroup"), owned and operated the Beth Israel facility during the relevant time period.

FIC alleges that the Boston Water and Sewer Commission ("BWSC") and MA-TEP, LLC ("MATEP" which is short for Medical Area Total Energy Plant) were negligent in failing to design, inspect, install and maintain properly certain water pipes and electrical lines located in the vicinity of Beth Israel. FIC further alleges that MATEP's negligent design and maintenance caused an electrical line to emit "stray electrical current" which accelerated the corrosion of Beth Israel's fire loop piping system, thereby causing the associated piping to rupture and resulting in the flood.

MATEP operates an electrical co-generation plant located in the Longwood medical area of Boston near Beth Israel and other hospitals and schools, including the Harvard Medical School. MATEP, Inc. is a corporation that, according to FIC, is the sole "member" of MATEP, LLC.

In or about 1978, an underground electric conduit was installed running between MATEP's plant and one of the buildings that is now part of Beth Israel. In the early 1990s, the electrical conduit was relocated due to certain construction projects. The relocated conduit went into service in about December, 1992. On January 22, 2004, Beth Israel's piping system failed, causing a flood that resulted in significant damage at the hospital. FIC alleges that the location of the electrical conduit near the piping system and MATEP's failure to maintain properly the conduit caused the pipe failure.

FIC filed the original complaint in this case on November 29, 2005, and an Amended Complaint on March 29, 2006. The amended complaint alleges one count of negligence against MATEP. MATEP filed a motion for summary judgment on November 15, 2006, on the grounds that: 1) any negligence claims are barred by the Massachusetts statute of repose and 2) MATEP owed no continuing duty to inspect the underground utility line where it had no notice of any defect relating to the line. That same day FIC filed a motion for leave to file second amended complaint to add a trespass claim against both MA-TEP and BWSC.

This Court allowed MATEP's motion for summary judgment on August 15, 2007 and reserved ruling on the motion for a second amended complaint in order to allow the parties to file supplemental briefs ("the August 15 M & O") (Docket No. 120). Now before the Court are three motions by FIC: 1) a motion to amend the amended complaint (with supplemental briefing), 2) a motion for reconsideration of the August 15 M & O and 3) a motion to supplement the record.

## II. *Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 63)*

### A. Legal Standard for Amending Complaint After a Motion for Summary Judgment Has Been Filed

■ A party seeking to amend a pleading after a motion for summary judgment has been filed faces a more stringent standard than is ordinarily applied under the liberal amendment policy of Fed.R.Civ.P. 15. As this session has previously noted, where a party desires to amend a complaint after an opponent has moved for summary judgment, the proposed amendment must be supported by "substantial and convincing evidence". *Revere v. Boston/Logan Airport Assocs. LLC,* 443 F.Supp.2d 121, 125 (D.Mass.2006) *citing Adorno v. Crowley Towing & Transp. Co.,* 443 F.3d 122, 126 (1st Cir.2006). Moreover, the party seeking to amend must demonstrate good cause. *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir.2004).

### B. Analysis

On November 15, 2006, FIC filed a motion for leave to further amend its complaint by adding a count for trespass against BWSC and MATEP. The second amended complaint does not seek any additional damages. In the August 15 M & O, this Court allowed the motion as to BWSC but, with respect to MATEP, allowed FIC to submit a supplemental brief "to explain why it could not have conjured up the trespass claim prior to November, 2006". The Court also allowed MATEP to reply to FIC's supplemental brief. The parties have now submitted those briefs.

■ FIC argues that the Court should not inflexibly adhere to the Rule 16 Scheduling Order which required amendments and/or supplements to the pleadings to be filed by June 30, 2006. It contends that as of that date, the factual circumstances of the case were not developed to the point where the trespass theory became apparent to counsel. FIC also argues that its Motion to Amend was not filed in response to MATEP's motion for summary judgment but that after it had conferences with its experts in September and October, 2006, it researched the theory of trespass by electromagnetic currents. The motion to amend was prepared in early November, 2006, but not filed until November 15, 2006 because Mr. Izzo, FIC's chief counsel, was away on vacation.

FIC also asserts that its amended complaint is not futile, will not create undue delay and is supported by substantial and convincing evidence. FIC points out that the motion to amend the complaint was made before the completion of the court's discovery deadline and well before the statute of limitations ran. Finally, FIC explains that the development of the legal theories in the case involve complex science and application of legal research which came together in counsel's mind sometime before November, 2006.

In response to FIC's supplemental brief, MATEP argues that 1) FIC has failed to explain adequately why it did not move to amend its complaint prior to November, 2006, 2) FIC's belated filing of its motion to amend was in response to MATEP's motion for summary judgment and 3) FIC knew all of the facts underlying its trespass theory when it filed the original complaint and failed to file the amended complaint earlier only because of its attorney's inattentiveness. Although MATEP argues that the motion to amend to add a negligent trespass claim is futile because this Court allowed summary judgment on FIC's negligence claim, that argument is unavailing. FIC seeks to add a trespass

rather than negligent trespass claim. MATEP, in its original opposition to FIC's motion for leave to file, argued that there is no evidence or even allegation that MATEP committed an intentional tort. It is conceivable, however, that the intentional placing of the electrical conduits where the electromagnetic field might affect the piping could be found to be an intentional trespass. The law is also unsettled with respect to whether electromagnetic fields can be the basis for a trespass claim. *Westchester Assocs., Inc. v. Boston Edison Co.*, 47 Mass.App.Ct. 133, 137 n. 8, 712 N.E.2d 1145 (1999); *see also San Diego Gas and Elec. Co. v. Superior Court*, 13 Cal.4th 893, 935–37, 55 Cal.Rptr.2d 724, 920 P.2d 669 (1996) (holding that trespass claim predicated upon intangible intrusions must include allegations of physical damage to the property); *Jordan v. Ga. Power Co.*, 219 Ga.App. 690, 694–95, 466 S.E.2d 601 (1996) (upholding summary judgment on trespass claim because the scientific evidence regarding harm caused by electromagnetic fields is inconclusive but stating that better scientific evidence could allow a trespass claim to lie).

The First Circuit cases that the parties offer in support of their respective positions present very different sets of facts than those at issue here. The cases cited by MATEP in opposition to the amendment involve amendments by plaintiffs after the close of discovery. *See Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12–13 (1st Cir.2004); *Grant v. News Group Boston, Inc.*, 55 F.3d 1 (1st Cir.1995). The case cited by FIC, on the other hand, involve an amendment based upon discovery belatedly produced by the defendants. *See Carmona v. Toledo*, 215 F.3d 124 (1st Cir.2000). The present case involves neither egregious delay nor delay caused by the defendants.

FIC persuasively contends that its counsel, in consultation with its experts, developed the trespass theory during the course of discovery. Discovery had not closed as of the filing of FIC's motion and the new legal theory is not likely to require extensive additional discovery. The Court finds no undue delay, bad faith or dilatory tactics on the part of FIC and MATEP will not be unfairly prejudiced by the amendment which does not appear to be futile. Consequently, FIC's motion for leave to file an amended complaint will be allowed.

### III. *Plaintiff's Motion for Reconsideration (Docket No. 122)*

#### A. Legal Standard for Reconsideration

■ Under Fed.R.Civ.P. 59(e), a party may direct the district court's attention to newly discovered material evidence or a manifest error of law or fact ... enabl[ing] the court to correct its own errors. *Aybar v. Crispin–Reyes*, 118 F.3d 10, 15 (1st Cir.1997). A motion for reconsideration should be granted only if the court has patently misunderstood a party or there is a significant change in the law or facts since the submission of the issues to the court by the parties. *Reyes Canada v. Rey Hernandez*, 224 F.R.D. 46, 48 (D.P.R. 2004) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)).

#### B. Analysis

■ FIC argues, in its motion for reconsideration, that the Court improperly and sua *sponte* found that there was no genuine issue of material fact with respect to whether the electrical conduits of MATEP's lines caused the corrosion of the Beth Israel pipes. FIC points out that MATEP stated only two grounds for summary judgment: 1) the statute of repose

and 2) that MATEP did not have a duty to FIC. FIC contends that, consequently, it was improper for the Court to consider whether FIC had proffered disputed issues of fact with respect to causation.

In the August 15 M & O, this Court found that FIC had not "adduced sufficient evidence to sustain a claim for negligence based on the defendant's failure to warn." The Court further noted with respect to whether MATEP had any reason to warn about the conduits that "[t]here is no suggestion ... that electrical conduits had caused corrosion to pipes." Those conclusions relate specifically to whether FIC presented genuine issues of material fact with respect to MATEP's duty to warn.

The Court went on to determine:

Even if that testimony were enough to establish the defendant's duty to warn the plaintiff of potential interference, the plaintiff has offered no evidence on the issue of causation.

Although FIC was not afforded the opportunity to rebut the Court's finding of lack of causation because MATEP did not raise that argument in its motion for summary judgment, the Court points out that it did not rely on causation as the sole grounds for allowing the motion. It considered causation only after concluding that FIC had not raised a genuine issue of material fact with respect to its duty to warn, a conclusion dispositive of FIC's negligence claim on summary judgment.

FIC also reminds the Court, in its motion for reconsideration, that MATEP filed its motion for summary judgment prior to the close of discovery. Specifically, FIC's experts had not yet had an opportunity to perform an inspection of MATEP's underground transmission lines and FIC was in the midst of discovery concerning MATEP's knowledge of induced currents and accelerated corrosion. Although FIC raises the alleged premature filing of MATEP's motion primarily in support of its argument that the Court should reconsider its analysis with respect to causation, it also suggests that information learned since the filing of the motion for summary judgment creates a genuine issue of material fact with respect to MATEP's duty to warn.[1]

As soon as MATEP argued in its motion for summary judgement that it did not have a duty that could give rise to liability for negligence, however, FIC was put on notice that it had to demonstrate a genuine issue of material fact with respect to duty. Had FIC needed more discovery to determine whether such facts existed, it should have sought additional time or discovery at that point in order to present countervailing facts. FIC noted, in its opposition to summary judgment, that MATEP's motion was filed prior to the close of discovery, but it did not seek an extension of time. The Court found that FIC had failed to present a genuine issue of material fact with respect to MATEP's duty and therefore properly determined that MATEP's motion for summary judgment should be allowed. This Court will not reconsider that order.

## IV. *Plaintiff's Motion to Supplement Record per Rule 56(e) and 56(f) (Docket No. 124)*

Because this Court will deny FIC's Motion for Reconsideration, it will also deny as moot FIC's Motion to Supplement the Record. FIC seeks to supplement the record with respect to its response to MATEP's motion for summary judgment

---

1. The expert reports that FIC has filed with its motion to supplement the record indicate that MATEP might have known about the effect of the induced currents but, as MATEP points out, those reports are not properly authenticated.

which this Court has ruled on and will not reconsider.

### ORDER

In accordance with the foregoing, Plaintiff's Motion for Leave to File Second Amended Complaint (Docket No. 63) is **ALLOWED,** Plaintiff's Motion for Reconsideration (Docket No. 122) is **DENIED** and Plaintiff's Motion to Supplement Record per Rule 56(e) and 56(f) (Docket No. 124) is **DENIED AS MOOT.** Because this Court has allowed plaintiff's motion to amend, related Civil Action No. 07–10099, which asserts the same claims as those contained in the second amended complaint, will be **DISMISSED.**

So ordered.