Miles S. JACKSON and wife, Lillian
Jackson, Plaintiffs,

v.

J. C. PENNEY CO., INC., and General
Motors Corporation, Delco-Remy
Division, Defendants.

Civ. A. No. C 81–10 R.

United States District Court,
N. D. Georgia,
Rome Division.

Sept. 22, 1981.

Richard A. Schulman and Arvin H. Reingold, Reingold, Powers, Schulman, Robbins, Chattanooga, Tenn., for plaintiffs.

Shelby R. Grubbs, Stranger, Fletcher, Carriger, Walker, Hodge & Smith, Chattanooga, Tenn., for defendant J. C. Penney.

Gordon A. Smith, King & Spalding, Atlanta, Ga., for defendant General Motors.

## ORDER

VINING, District Judge.

This products liability action arises from injuries sustained by plaintiff Miles Jackson when an allegedly defective Delco-Remy battery manufactured by the defendants exploded in his face. Now before the court is the motion of defendant General Motors Corporation to disqualify Richard A. Schulman and the firm of Reingold, Powers, Schulman & Robbins from the representation of plaintiff in this action, pursuant to Canons 4, 5, and 9 of the Code of Professional Responsibility and Local Rule 71.54. The defendant bases its motion on the fact that Mr. Schulman defended General Motors Corporation in products liability cases in the past and has had at his disposal file materials, information from experts, internal memoranda obtained in the preparation of the defense of certain cases, and certain technical and engineering materials prepar-

ed by General Motors and its consultants which would otherwise have been unavailable to him. The defendant contends that since Mr. Schulman possesses significant information concerning the theories and methods of defenses utilized by General Motors in products liability cases, he should be disqualified from representing the plaintiff in the above-styled action. A hearing was held on June 8, 1981, and the matter is now before the court for determination.

From approximately October 1976 to approximately October 1978, Richard Schulman was employed with the law firm of Noone, Stringer and Associates, P. C., (formerly Noone, Stringer, Powers and Schulman). During that period the firm acted as counsel for General Motors in certain products liability cases in which Mr. Schulman assisted in the preparation. In November of 1978, the firm of Leitner, Owens, Moffitt, Williams and Dooley assumed the representation of General Motors in products liability actions. During his employment with Noone, Stringer, Powers and Schulman, Mr. Schulman was involved in the defense of several products liability actions of General Motors dealing with issues involving defective axles, brakes, transmissions, gas tanks, and in one instance, an allegedly defective battery. The last case is of special interest to this court since both it and the instant case involve an allegedly defective battery manufactured by General Motors Corporation. In Schulman's affidavit, however, he states that his only participation in the case styled *James Womack v. General Motors Corporation*, filed during 1977 in the circuit court of Hamilton County, Tennessee, was for the limited purpose of preparation of a motion for summary judgment regarding the issue of whether the battery in question was in fact manufactured by General Motors. The case resulted in a non-suit, and Mr. Schulman states that he never obtained any confidential information regarding Delco-Remy or any other kind of battery manufactured by General Motors Corporation. Defendant General Motors argues that in the course of defending that action, Mr. Schulman trav-

eled to the General Motors building in Detroit, Michigan, met with management and other officials to discuss the defense of that case, and while representing General Motors received confidential information which he is prohibited from using in the case at bar.

The procedural history of this case indicates that it was originally filed in the circuit court of Hamilton County in Chattanooga, Tennessee, on October 18, 1979, with Mr. Schulman acting as counsel for the plaintiff. That lawsuit in Hamilton County was set for trial three separate times and was eventually dismissed without prejudice on January 14, 1981, and refiled in United States District Court. The exhibit attached to Mr. Schulman's affidavit reflects that he expended a substantial amount of his time on the representation of the plaintiff in that case. The record also indicates that no request or motion was ever made during the pendency of that lawsuit for his disqualification. The court notes with interest the affidavit of Paul R. Leitner attached in support of defendant General Motors' motion to disqualify. Mr. Leitner stated that he acted as defense counsel in the action when it was filed in the circuit court of Hamilton County, Tennessee, and in fact commented to another attorney on the fact that the case was being prosecuted by Mr. Schulman, who had previously been associated with the firm of Noone, Stringer, Powers and Schulman, former counsel for General Motors. In his affidavit, Mr. Leitner also stated that his knowledge about the subject of disqualification of counsel was very limited and that he made no effort to research the question. After this initial comment regarding Mr. Schulman's prior representation of General Motors, the subject of disqualification did not arise until the action was filed in federal court, some fifteen months after the initiation of the action in the Tennessee court. Mr. Leitner states that he was not aware of the extent of Mr. Schulman's prior involvement in the defense of products liability actions for General Motors and did not know he had represented General Motors in the defense of a case involving allegations of a defective Delco-Remy battery.

The rule of disqualification of counsel is not mechanically applied. *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir. 1979). Disqualification must be tempered by the need to balance a variety of considerations and complex concepts to arrive at an equitable solution, for this is an equitable, not a legal, matter. *See American Can Co. v. Citrus Feed Co.*, 436 F.2d 1125 (5th Cir. 1971). Although the interests of the client as to confidentiality and representation must be rigidly enforced, the courts have seen no need to fashion a rule that would prevent an attorney from ever representing an interest adverse to that of a former client. The proper test in determining whether the duty of fair representation and confidentiality has been violated is the "substantial relationship" test. *Wilson P. Abraham Construction Corp. v. Armco Steel Corp.*, 559 F.2d 250 (5th Cir. 1977); *In re Yarn Processing Patent Validity Investigation*, 530 F.2d 83 (5th Cir. 1976). A party seeking disqualification must prove not only the existence of a prior attorney-client relationship but also that there is a genuine threat that confidences revealed to this former counsel will be divulged to his present adversary. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020 (5th Cir. 1981).

Before reaching the merits of the defendant's motion, however, the court must first determine whether the defendant has essentially waived its right to obtain disqualification because of its failure to raise the issue while the case was pending in the state court of Tennessee. A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion. *Central Milk Producers Co-op v. Sentry Food Stores*, 573 F.2d 988 (7th Cir. 1978). *See also Redd v. Shell Oil Co.*, 518 F.2d 311 (10th Cir. 1975). A litigant may not delay filing a motion to disqualify in order to use the motion later as a tool to deprive his opponent of counsel of his choice after sub-

stantial preparation of the case has been completed. *Central Milk Producers Co-op v. Sentry Food Stores, supra.* This court is troubled by the admissions made by defendant General Motors that it was aware that Mr. Schulman had acted as counsel for General Motors prior to his representation of the plaintiffs in the instant case as early as October of 1979, when the instant case was filed in the Tennessee state court. Mr. Leitner intimates in his affidavit that his unfamiliarity with the law of disqualification constitutes an adequate excuse for the failure to pursue the motion to disqualify, which should have been made early in the litigation in state court. The court is unaware of any decision which holds that ignorance of the law is an adequate excuse for failure to bring a motion to disqualify counsel. By allowing Mr. Schulman to proceed with the representation of the plaintiffs in the state action for over fifteen months, the defendant has essentially waived any right it had to obtain Mr. Schulman's disqualification.

Although this court has determined that the defendant has waived its right to have Mr. Schulman disqualified in this case, the court deems it necessary to comment on the merits of the defendant's motion. The defendant points to five specific cases in which Mr. Schulman was involved in the defense of General Motors Corporation. In a disqualification case, the focus of the district court's inquiry must be on the precise nature of the relationship between the present and former representations. *Duncan v. Merrill Lynch, Pierce, Fenner & Smith, supra.* The defendant contends that the substantial relationship test is met if the factual contexts of the prior and present representations are similar or somehow related, rather than being identical. The defendant also contends that although the previous cases may not involve the identical issue involved in the instant litigation, Mr. Schulman would certainly have been exposed to information which would be substantially related to the instant case. In support of its contention, the defendant sets forth various instances of contact with General Motors by Mr. Schulman, including conferences with General Motors employees and management, the preparation of various legal documents, and the opportunity to review technical documents and expert opinions regarding the defense of product liability cases. General statements of this type, however, do not constitute evidence of a substantial relationship, since the statements could be applied to virtually any law firm that had ever represented General Motors. *See Duncan v. Merrill Lynch, Pierce, Fenner & Smith, supra.* In *Duncan,* Merrill Lynch sought to disqualify the plaintiff's law firm which had previously represented Merrill Lynch over a ten-year period. Merrill Lynch introduced evidence to show that the law firm had reviewed its records, held conferences with its officers and employees, and had prepared a range of legal documents on behalf of the firm. In vacating the district court's order of disqualification, the Fifth Circuit held that these general statements were insufficient to establish a substantial relationship between the present and the prior representations so as to warrant disqualification of counsel. The possibility that the firm would have been exposed to information which would be substantially related to the instant case was not found to be sufficient to require disqualification. The court held that merely pointing to a superficial resemblance between the present and prior representations would not substitute for the careful comparison demanded. 646 F.2d at 1029. In the instant case, four out of the five cases with which Mr. Schulman was involved dealt with defects other than batteries, which is the subject matter of the instant case. In the one case dealing with an allegedly defective battery, Mr. Schulman's involvement was strictly limited to a determination of whether General Motors in fact ever manufactured the battery, not whether it was defective, which is the issue in the instant case. While this court agrees that there are important similarities between the subject matter of the instant suit and of these prior cases, it is not of the belief that a substantial relationship has been shown

between the present and the former representations so as to warrant the disqualification of Mr. Schulman.

Accordingly, since defendant General Motors has waived its right to have Mr. Schulman disqualified, and since the merits of the defendant's motion do not warrant disqualification, the defendant's motion is hereby DENIED.