616 So.2d 1114 (1993)
Ricardo A. BALDA and Medicomp, Inc., Petitioners,
v.
Donald R. SORCHYCH, etc., Respondent.
No. 92-2792.
District Court of Appeal of Florida, Fifth District.
April 9, 1993.
*1115 Harold T. Bistline of Stromire, Bistline & Miniclier, Cocoa, for petitioners.
James L. Reinman and Herbert T. Schwartz of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., Melbourne, for respondent.
PER CURIAM.
Petitioners, Ricardo A. Balda and Medicomp, Inc., seek a writ of common law certiorari to review an order denying their motion to disqualify the law firm that represents respondent, Donald R. Sorchych. Sorchych has brought suit against Balda and Medicomp, Inc. for damages on an alleged oral contract entered into in 1986 by which Balda, as an investor acquiring a controlling interest in Medicomp stock, allegedly agreed to transfer to Sorchych a seven percent undiluted interest in the corporate stock after Medicomp's emergence from Chapter 11 bankruptcy. Balda is the president and chief executive officer of Medicomp, Inc.[1] It appears that the history of the stock ownership of Medicomp and its value are key issues in this litigation. Since the inception of this litigation in 1989, Sorchych has been represented by the firm of Reinman, Harrell, Graham, Mitchell & Wattwood, P.A., (hereinafter "Reinman law firm").
According to the record supplied this court, earlier in 1989, prior to the initiation of the pending litigation, Balda was the respondent in a divorce action in which he was represented by the Reinman law firm. In the affidavit filed by Balda in support of the motion to disqualify counsel, he alleged that he had confidential discussions with attorneys in the Reinman firm concerning his family and his assets. One of the substantial matters involved in the dissolution concerned the ownership and value of his principal asset, the Medicomp stock. Documents adduced at the hearing below appear to show that the Reinman firm's representation of Balda lasted approximately 30 days, up to the entry of the temporary support order, which included, among other things, an order restraining the parties from transferring any assets, but expressly authorizing the ordinary operation of Medicomp, Inc.
Balda further asserts that he also had an attorney/client relationship with another attorney in the Reinman firm who advised him concerning the Chapter 11 bankruptcy proceedings of Medicomp, Inc. and his acquisition of shares of stock in Medicomp, Inc. Based on these circumstances, Balda sought to disqualify the Reinman law firm. Referring to petitioner's contention as being "thin" and "late", the lower court denied the motion.
As frequently expressed, conflict concerns arise when an attorney must prepare a case against, cross-examine or impeach a former client on a subject matter so closely connected with the earlier representation that confidentiality might be involved. Thomas v. Municipal Court of Antelope Valley Judicial Dist., 878 F.2d 285 (9th Cir.1989). In response to the petition for writ of certiorari, the Reinman firm argues as follows:
Respondent's counsel, however, only represented Mr. Balda in [the divorce] action for a short time [less than a month]. Mr. Balda contends that the dissolution case is similar to this case simply because the question of stock valuation was asked in both cases. A dissolution of marriage case and a case concerning an oral contract involving a corporation could not be any further dissimilar. Concerning the dissolution of marriage action, Petitioners argue that Mr. Balda's disclosure of Medicomp stock is confidential information. This is not privileged information. Any stockholder of Medicomp stock *1116 would have knowledge of the value of the stock. Also, at the closing of the dissolution of marriage case, the records of the case become open to the public.
In short, the Reinman law firm's position is that Rule 4-1.9 of the Rules Regulating The Florida Bar are not implicated in this case.
For some reason not apparent on the record, in the face of the Reinman law firm's prior representation of Medicomp and Balda, for three years after the filing of the present litigation on behalf of Sorchych, Balda took no action to keep the Reinman firm from representing Sorchych. Although Balda concedes that the failure to assert the conflict arising out of the Reinman firm's representation of Balda and/or Medicomp in the Chapter 11 proceedings may prevent disqualification on that basis, Balda contends the Reinman law firm's representation of him in the divorce case is a different matter. To begin with, Balda's counsel asserts that he was unaware that the Reinman firm represented Balda in his divorce until August 1992, when attorneys in the Reinman firm began taking discovery involving "personal matters" related to the divorce and Balda's family situation. At oral argument before this court, the Reinman firm explained that a principal purpose for the discovery being taken by them concerning the dissolution of marriage action was to show that Mr. Balda falsely testified in his deposition in the present case about the Medicomp records he maintained at his home.
Although we appreciate Balda's current discomfort at having the firm that formerly represented him in his divorce and the Chapter 11 proceeding inquire about his Medicomp stock, his personal records and his truthfulness,[2] we nevertheless cannot conclude that the lower court's refusal to disqualify the Reinman law firm is a material departure from the essential requirements of law. A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion. Jackson v. J.C. Penney Co., Inc., 521 F. Supp. 1032, 1034 (N.D.Ga. 1981) (delay of fifteen months in asserting conflict deemed a waiver). Balda plainly knew when this litigation was initiated in 1989 that earlier that same year he had been represented in a variety of legal matters, individually and corporately, by the Reinman law firm and he, better than anyone, knew exactly what information that firm had received from him. Even though his counsel may not have known about the brief period of representation in the divorce case, counsel was aware that the Reinman law firm had provided representation in the reorganization case. Either by design or inadvertence, the question of conflict was not raised by Balda, and the Reinman law firm has continued for a period of three years or longer to represent Mr. Sorchych. Accordingly, we decline to issue a writ of certiorari requiring withdrawal of the law firm.
We expressly do not decide whether the Reinman law firm has complied with the Rules of Professional Conduct of the Rules Regulating The Florida Bar.
PETITION DENIED.
W. SHARP, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] At some earlier time, this position apparently belonged to Sorchych. Sorchych claims he assisted Balda in obtaining control of Medicomp in exchange for several concessions, including an undiluted seven percent ownership in Medicomp.
[2] E.g., Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979).