714 So.2d 610 (1998)
Charles Henry LEE, as the Personal Representative of the Estate of H. Julian Brock, Deceased, Petitioner,
v.
GADASA CORPORATION, Respondent.
No. 98-4.
District Court of Appeal of Florida, First District.
July 20, 1998.
*611 Joseph L. Shields, Tallahassee, for Petitioner.
Douglas L. Smith, Panama City, for Respondent.
WEBSTER, Judge.
Petitioner seeks review by certiorari of an order granting respondent's motion to disqualify petitioner's attorney, Bill A. Corbin. We have jurisdiction. See Transmark, U.S.A. v. State, Department of Insurance, 631 So.2d 1112 (Fla. 1st DCA 1994) (orders granting or denying motions to disqualify counsel are reviewable by certiorari). We conclude that the order constitutes a material departure from the essential requirements of law. Accordingly, we grant the petition, and quash the order.
The underlying mortgage foreclosure litigation was commenced in 1987. Suffice it to say that the case has had a long and tortuous history. Prior to the commencement of the litigation, H. Julian Brock retained attorney Corbin to represent him in various matters. When this litigation was commenced, Corbin undertook Brock's defense. In 1988, "[i]n order to secure attorney's fees and expenses," Corbin took from Brock a junior mortgage on the property which is the subject of this litigation. That mortgage was promptly recorded in the official records. Brock died in 1993, and his personal representative was substituted as a party. Corbin continued as attorney for the personal representative.
In 1997, respondent filed a motion seeking to disqualify Corbin from continuing to represent the personal representative. The sole ground asserted in support of the motion was that Corbin had a personal stake in the outcome of the litigation by virtue of his junior mortgage, and that such conduct was prohibited by rule 4-1.8(i) of The Florida Bar Rules of Professional Conduct. The personal representative filed a verified response, in which he asserted that he had been aware of Corbin's mortgage from the outset, and that he had expressly waived any conflict of interest based on the arrangement. The personal representative further asserted that respondent had been aware of the Corbin mortgage for years, but had taken no action. According to the personal representative, there was no conflict of interest because he had expressly waived any; respondent had waived its right to complain because of its silence for years, despite knowledge of the Corbin mortgage, and was now estopped to complain; and disqualifying Corbin would work a serious injustice because Corbin had been in the case for ten years and had irreplaceable *612 knowledge about the litigation, and because the personal representative lacked funds with which to retain a new attorney. The trial court granted the motion to disqualify, concluding that Corbin's mortgage created a conflict of interest in violation of Florida Bar Rule of Professional Conduct 4-1.8(i); that the personal representative's waiver of any conflict was irrelevant because of the appearance of impropriety created; and that the personal representative would not be prejudiced by the ruling because he was being afforded 60 days within which to retain a replacement.
It appears that the trial court may well have been justified in concluding that Corbin had violated Florida Bar Rule of Professional Conduct 4-1.8(i). However, that does not end our inquiry. It is undisputed that the personal representative, having a full understanding of the situation, expressly waived any conflict of interest. It is further undisputed that respondent had constructive knowledge of the Corbin mortgage since 1988, and actual knowledge for several years before it filed its motion seeking disqualification. Finally, it is undisputed that Corbin has been involved in this litigation since its inception in 1987, and that requiring the personal representative to retain new counsel at this point would work a serious injustice on the estate. Given these circumstances, while Corbin's actions may merit investigation by The Florida Bar, we do not believe that his disqualification was appropriate.
As we said in Transmark, U.S.A. v. State, Department of Insurance, 631 So.2d 1112 (Fla. 1st DCA 1994), a case in which we held that the petitioner had waived any right to seek disqualification of attorneys based upon an alleged conflict of interest by failing promptly to raise the issue after it learned of it:
A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion.... The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case.
Id. at 1116 (citations omitted). Here, it is undisputed that respondent had constructive knowledge of the claimed conflict of interest for some ten years before it filed its motion, and actual knowledge for several years before it filed it. Given the undisputed evidence, we hold that respondent waived any right it might have otherwise had to seek Corbin's disqualification. Also noteworthy in this regard is the following, from the Preamble to The Florida Bar Rules of Professional Conduct:
[T]he purpose of the rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact that a rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the rule.
The order of disqualification was improper for yet another reason. Although the fee arrangement between Corbin and his client certainly creates an appearance of impropriety, the client has clearly intelligently consented to the arrangement. "[I]n every case where a specifically identifiable appearance of impropriety exists the court must weigh the likelihood of public suspicion against the social interests in obtaining counsel of one's choice." Cox v. American Cast Iron Pipe Co., 847 F.2d 725, 731 (11th Cir. 1988). Moreover, "disqualification of a party's chosen counsel is a harsh sanction and `an extraordinary remedy' which should be resorted to sparingly." City of Apopka v. All Corners, Inc., 701 So.2d 641, 644 (Fla. 5th DCA 1997). Because the client has so clearly waived any conflict of interest, it seems to us that permitting the order of disqualification to stand would be likely to arouse more public suspicion than would reversing it. Were we to permit the order to stand, we would effectively be sanctioning the use by a corporate adversary of a disciplinary rule for the improper purpose of securing an advantage over its opponent by depriving the opponent of its counsel of choice, who is intimately familiar with the litigation, and forcing it either to spend additional funds for new *613 counsel or to concede defeat because of financial inability to retain new counsel.
Based upon the foregoing analysis, we conclude that the order granting the motion to disqualify counsel constitutes a material departure from the essential requirements of law. Accordingly, we grant the petition for a writ of certiorari, and quash the order granting the motion to disqualify counsel.
PETITION GRANTED; ORDER QUASHED.
LAWRENCE, J., and SHIVERS, DOUGLASS B., Senior Judge, concur.