SHEVIN, Judge.
Petitioners seek certiorari review of an order granting respondents’ motion to disqualify trial counsel. We grant the petition and quash the order concluding that the order constitutes a departure from the essential requirements of law that cannot be remedied on appeal.
The underlying litigation is a class action suit filed in 1983 against the City of Miami, and three City pension plan trustees, brought by employees who retired from service with the City [“retirees”]. The class of retirees sued the City for illegally reducing their pension benefits after their retirement. In 1992, the City of Miami attorney, who represented both the City and the individual trustees, consented to counsel’s representation of the retirees in this case. This consent notwithstanding, in 1999, the City filed a motion to disqualify the retiree’s counsel on grounds of conflict of interest. The trial court granted the motion.
We quash the order holding that the City waived any right it may have had to disqualify retiree’s counsel because of its delay; that disqualification at this late date[1] would work a serious injustice to the retirees; and that, contrary to the City’s argument, retirees’ counsel had no duty to seek consent to his representation from the three trustees, and, in fact, was ethically barred from any such communications.
The record reveals that the City waived its right to seek disqualification of retirees’ counsel by virtue its seven-years delay before seeking to remove counsel from the case. “A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion.” Transmark, *261 U.S.A., Inc. v. State, Dept. of Ins., 681 So.2d 1112, 1116 (Fla. 1st DCA) (ten-months delay in raising conflict deemed waiver), review denied, 639 So.2d 983 (Fla.1994); Balda v. Sorchych, 616 So.2d 1114, 1116 (Fla. 5th DCA 1993) (same; three-years delay); Cox v. American Cast Iron Pipe Co., 847 F.2d 725 (11th Cir. 1988) (same; nineteen-months delay); Glover v. Libman, 578 F.Supp. 748 (N.D.Ga. 1983) (same; one-year delay); Jackson v. J.C. Penney Co., Inc., 521 F.Supp. 1032, 1034 (N.D.Ga. 1981) (same; fifteen-months delay). The City displayed no promptness in this case.
The City’s delay is particularly egregious in light of the fact that in 1992, when counsel started working on the present litigation, retirees’ counsel requested and received the City Attorney’s express consent to counsel’s representation and affirmative waiver of any objection to the conflict. The City did not choose to revisit this issue until October 1999 when the case was set for trial, in the midst of settlement negotiations, and in the face of co-counsel’s unrebutted affidavit that he is not qualified to take over as lead counsel, the City’s objection at this late stage of the litigation is not persuasive because the conclusion that the City was aware of counsel’s representation of the class since 1992 is inescapable. See Lee v. Gadasa Corp., 714 So.2d 610 (Fla. 1st DCA 1998).
The City’s late objection runs afoul of the mandate that delays in filing a disqualification motion not be used to disadvantage an opponent. “The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case.” Transmark, 631 So.2d at 1116; Cox v. American Cast Iron Pipe Co., 847 F.2d at 729 (quoting Jackson v. J.C. Penney Co., Inc., 521 F.Supp. at 1034). Under the circumstances in this case, the disqualification of retirees’ counsel would result in a serious injustice to their case.
We are equally unpersuaded by the City’s argument that counsel was required to seek consent from the pension plan trustees directly. Counsel’s firm properly sought consent from the adverse party’s counsel as it “is ethically prohibited from conferring directly with a represented adverse party_ Stewart v. Bee-Dee Neon & Signs, Inc., 751 So.2d 196, 209 n. 8 (Fla. 1st DCA 2000). See R. Regulating Fla. Bar 4-4.2. This prohibition is unaltered by The Florida Bar v. Dunagan, 731 So.2d 1237 (Fla.1999). In Dunagan, counsel was disciplined for failing to request consent from his own client, whom he was currently representing, before commencing representation of adverse interests to that client. Obviously there is no proscription against an attorney conversing •with a client he or she represents.
Based on the foregoing, we grant the petition and quash the order.
Petition granted; and order quashed.

. When this petition was filed, there were arguments set on motions for summary judgment and other matters, and a jury trial is presently scheduled to commence on September 5, 2000.