992 So.2d 390 (2008)
Saad RAHMAN, M.D., and Pensacola Nephrology, P.A., d/b/a The Kidney Group, a Florida Corporation, Petitioners,
v.
Richard Tab JACKSON as the Personal Representative of the Estate of Wendy Leigh Kirby Jackson; Wyndal Blankenship, M.D., Wyndal Blankenship, M.D., P.A., Barry F. Riggs, M.D., Radiology Associates of Fort Walton Beach, Florida, Inc., a Florida Corporation, Radiology Associates of Fort Walton Beach, Florida, LLC, a Florida Limited Liability Company, and Fort Walton Beach Medical Center, Inc., a Florida Corporation, Respondents.
No. 1D08-3187.
District Court of Appeal of Florida, First District.
October 10, 2008.
William T. Jackson and Craig A. Dennis of Dennis, Jackson, Martin & Fontela, Tallahassee, for Petitioners.
David R. Swanick, III and Stanley B. Powell of Powell & Swanick, Niceville, for Respondent Richard Tab Jackson, as Personal Representative of the Estate of Wendy Leigh Kirby Jackson; P. Scott Mitchell of Fuller, Mitchell, Hood & Stephens, Tallahassee, for Respondents Barry F. Riggs, M.D., and Radiology Associates of Fort Walton Beach Florida, Inc.; Pamela K. Frazier of Lozier, Thames & Frazier, Pensacola, for Respondent Fort Walton Beach Medical Center, Inc.; Jesse F. Suber of Henry, Buchanan, Hudson, Suber & Carter, Tallahassee, for Respondents Wyndal Blankenship, M.D., and Wyndal Blankenship, M.D., P.A.
PER CURIAM.
Petitioner Saad Rahman ("Petitioner") seeks certiorari review of the trial court's order disqualifying his attorney. Respondent Richard Tab Jackson ("Respondent"), as the Personal Representative of the Estate of Wendy Leigh Kirby Jackson, filed a motion to disqualify Petitioner's attorney more than two years after Petitioner engaged that attorney to represent him in this matter. When Petitioner hired his attorney, the facts supporting the motion to disqualify were readily available to Respondent through a deposition that was taken before Petitioner was ever named as a defendant. In Transmark, U.S.A., Inc. v. State, Department of Insurance, 631 So.2d 1112, 1116 (Fla. 1st DCA 1994), we held that "[a] motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion." We further explained, "The rationale behind this rule is to prevent a litigant from using the motion as a tool to *391 deprive his opponent of counsel of his choice after completing substantial preparation of the case." Id. Because the trial court failed to apply these principles, and the injury caused by the order is not remediable by appeal, certiorari relief is warranted. Accordingly, we GRANT the petition and QUASH the order disqualifying Petitioner's counsel.
KAHN, BENTON, and LEWIS, JJ., concur.