ROTHENBERG, J.
 

 Petitioner, Enrique J. Zayas-Bazan (“Zayas-Bazan”), seeks certiorari review of an order disqualifying his counsel, who has represented Zayas-Bazan since the lawsuit was filed and after two-and-a-half years of litigation. We grant the petition and quash the order.
 

 
 *871
 
 On April 2, 2007, Zayas-Bazan, individually and as a shareholder of Forex Consulting Corporation (“Forex Consulting”), filed suit against Forex Consulting; Sandra Marcelin (“Marcelin”), individually and as officer and director of Forex Consulting; and Danger Alvarez (“Alvarez”), individually and as officer and director of Forex Consulting. Forex Consulting was incorporated in March 2004, with Elena C. Zayas-Bazan Jr. (“Elena”), who is Zayas-Bazan’s daughter, and Marcelin, who is Alvarez’s wife, being named as its shareholders, officers, and directors. Thereafter, on February 27, 2006, Forex Consulting filed Amended and Restated Articles of Incorporation, naming Marcelin and Alvarez as directors and officers, and listing Marcelin, Alvarez, Elena, and Zayas-Ba-zan as subscribers with each holding equal shares of stock in Forex Consulting. On February 8, 2007, Alvarez, as director of Forex Consulting, filed Articles of Dissolution.
 

 On December 1, 2009, more than two- and-one-half years after Zayas-Bazan filed the underlying lawsuit, Marcelin and Alvarez filed a motion to disqualify Zayas-Bazan’s counsel, the Carroll Law Firm, under rule 4-1.9 of the Rules Regulating The Florida Bar.
 
 [1]
 
 The motion to disqualify asserts that until at least early 2006, the Carroll Law Firm represented Forex Consulting and, while acting as Forex Consulting’s counsel, Linda L. Carroll (“Carroll”) of the Carroll Law Firm gave recommendations and legal opinions that are directly related to the underlying lawsuit filed by Zayas-Bazan. The motion to disqualify details a meeting attended by Zayas-Ba-zan, Alvarez, and Carroll, at which Carroll allegedly gave Zayas-Bazan and Alvarez her legal opinion as to matters relating to the issuance of shares in Forex Consulting to Zayas-Bazan and Alvarez. In addition to this meeting, the motion to disqualify describes two emails. First, on January 23, 2006, Zayas-Bazan emailed Alvarez, stating that he needed to “get [Forex Consulting’s corporate] kit from the lawyer.” Alvarez and Marcelin argued in the motion to disqualify that, because Carroll was the only attorney Zayas-Bazan consulted with as to matters related to Forex Consulting and because Carroll had been in possession of the corporate books in the past, it is reasonable to conclude that the “lawyer” Zayas-Bazan was referring to in the email was Carroll. Next, on February 17, 2006, Zayas-Bazan emailed Alvarez informing him that an emergency stockholders’ meeting was scheduled on February 23, 2006, at Carroll’s office.
 

 At the hearing on the motion to disqualify, the trial court heard testimony from Alvarez and Zayas-Bazan. As in the motion to disqualify, Alvarez, who was acting pro se,
 
 [2]
 
 argued that, although Carroll never stated that she or the Carroll Law Firm was representing Forex Consulting, based on the meetings and emails, it was reasonable for Alvarez and Zayas-Bazan to conclude that the Carroll Law Firm
 
 *872
 
 represented Forex Consulting, not Zayas-Bazan, prior to the filing of the underlying lawsuit. In contrast, Zayas-Bazan’s testimony reflects that the meetings and emails took place prior to him and Alvarez receiving shares in Forex Consulting, and that prior to receiving these shares, both he and Alvarez had been hired by Forex Consulting as independent contractors. Zayas-Bazan testified, and his counsel argued, that the Carroll Law Firm represented Zayas-Bazan, not Forex Consulting. It is undisputed that there is no “retention” letter, “letter of engagement,” or other document reflecting that Forex Consulting hired Carroll or the Carroll Law Firm to represent it or that Forex Consulting ever paid for legal services allegedly provided by the Carroll Law Firm.
 

 At the conclusion of the hearing, Zayas-Bazan’s counsel argued that Marcelin and Alvarez waived their right to seek disqualification because they knew of the facts leading to the filing of their motion to disqualify since the lawsuit was filed, and the delay in filing the motion to disqualify was extremely prejudicial to Zayas-Bazan. In response, Alvarez argued that he discussed the possible disqualification of the Carroll Law Firm with his previous attorneys, but his attorneys did not file a motion to disqualify. Alvarez’s testimony and his arguments do not indicate that he notified Carroll or the Carroll Law Firm that he believed that an attorney-client relationship existed between the Carroll Law Firm and Forex Consulting and that, as an officer and director of Forex Consulting, he did not consent to the Carroll Law Firm representing Zayas-Bazan in the underlying litigation. Following the parties arguments on this issue, the trial court stated that it would “take [the waiver issue] into consideration” when ruling on the motion to disqualify.
 

 Following the hearing, the trial court granted Marcelin and Alvarez’s motion to disqualify, noting that a party moving to disqualify must establish:
 

 1) That an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship; and 2) the matters in which the law firm subsequently represented the interest of the former client was the same or substantially related to the matter in which it represented the former client.
 

 In granting the motion to disqualify, the trial court, however, failed to address the waiver issue raised by Zayas-Bazan. Za-yas-Bazan’s petition followed.
 

 One of the issues raised in this petition is whether Marcelin and Alvarez waived their right to seek disqualification of Zayas-Bazan’s counsel by virtue of the two-and-one-half year delay in filing their motion to disqualify. “A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion.”
 
 Case v. City of Miami,
 
 756 So.2d 259, 260-61 (Fla. 3d DCA 2000) (quoting
 
 Transmark, USA, Inc. v. State, Dep’t of Ins.,
 
 631 So.2d 1112, 1116 (Fla. 1st DCA 1994));
 
 see also Lee v. Gadasa Corp.,
 
 714 So.2d 610 (Fla. 1st DCA 1998) (finding that order granting motion to disqualify constitutes a material departure from the essential requirements of law where party waived right to seek disqualification by delaying in moving to disqualify);
 
 Lackow v. Walter E. Heller & Co. Se., Inc.,
 
 466 So.2d 1120, 1122 (Fla. 3d DCA 1985) (“[A]fter learning of the facts supporting a motion to disqualify counsel, a party may not unduly delay the filing of such motion.”).
 

 A party can waive his right to seek disqualification of the opposing party’s counsel by failing to promptly move for disqualification upon learning of the facts
 
 *873
 
 leading to the alleged conflict.
 
 See Rahman v. Jackson,
 
 992 So.2d 390, 390-91 (Fla. 1st DCA 2008) (granting petition for certiorari and quashing order granting motion to disqualify where facts leading to the motion to disqualify were readily available more than two years prior to the filing of the motion to disqualify);
 
 Case,
 
 756 So.2d at 260-61 (finding that seven-year delay waived right to move to disqualify counsel);
 
 Transmark,
 
 631 So.2d at 1116 (finding a ten-month delay sufficient to waive right to move for disqualification);
 
 Balda v. Sorchych,
 
 616 So.2d 1114, 1116 (Fla. 5th DCA 1993) (finding that delay of three years in moving to disqualify opposing counsel constitutes waiver of right). “The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case.”
 
 Transmark,
 
 631 So.2d at 1116.
 

 In the instant case, it is undisputed that Alvarez and Mareelin had actual knowledge of the facts leading to the claimed conflict prior to Zayas-Bazan filing the underlying lawsuit, but did not move to disqualify Zayas-Bazan’s counsel for more than two-and-one-half years after the lawsuit was filed. Alvarez and Marce-lin suggest that they did not waive their right to move to disqualify Zayas-Bazan’s chosen attorney — the Carroll Law Firm— because they requested their previous attorneys to file a motion to disqualify the Carroll Law Firm, but their attorneys failed to do so. There is nothing in the record to substantiate this claim nor anything in the record to suggest that Marce-lin and Alvarez discharged prior counsel due to their failure to file a motion disqualify. Rather, the record reflects that Mareelin and Alvarez’s first attorney was disqualified based on a motion filed by Zayas-Bazan, and their second attorney withdrew in March 2009 after Alvarez and Marcelin’s retainer was depleted. Further, from April 2, 2007, when Zayas-Bazan filed the action, through March 2009, when the second attorney was discharged, Mareelin and Alvarez knew that the Carroll Law Firm represented Zayas-Bazan, but did not seek to discharge either attorney for failing to file the motion to disqualify. More importantly, even after the trial court permitted Mareelin and Alvarez’s second attorney to withdraw in March 2009, they waited more than eight months before filing the motion to disqualify Zayas-Bazan’s counsel. Also, during the entire two-and-one-half-year period that the Carroll Law Firm represented Zayas-Bazan, Mareelin and Alvarez did not once notify Carroll or the Carroll Law Firm that they believed that an attorney-client relationship existed between the Carroll Law Firm and Forex Consulting.
 
 See Snyderburn v. Bantock,
 
 625 So.2d 7 (Fla. 5th DCA 1993) (holding that former client of opposing party’s counsel did not waive objection to conflict of interest based on delay in filing motion to disqualify where former client timely informed opposing counsel that an attorney-client relationship existed and he did not consent to attorney’s representation of opposing party in a related matter). Instead, Mareelin and Alvarez permitted the Carroll Law Firm to spend substantial time in prosecuting Zayas-Bazan’s claims without objecting to its representation of Zayas-Ba-zan or filing a motion to disqualify.
 

 Under these circumstances, we conclude that the trial court departed from the essential requirements of law by not concluding that Mareelin and Alvarez waived their right to seek disqualification, and in granting their motion to disqualify the Carroll Law Firm. Accordingly, we grant the petition for writ of certiorari and quash the
 
 *874
 
 order granting Alvarez and Marcelin’s motion to disqualify the Carroll Law Firm.
 

 Petition granted; order quashed.
 

 [1]
 

 . Rule 4-1.9 provides:
 

 A lawyer who has formerly represented a client in a matter shall not thereafter:
 

 (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent;
 

 (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
 

 (c)reveal information relating to the representation except as these rules would permit or require with respect to a client.
 

 [2]
 

 . Although Marcelin and Alvarez filed the motion to disqualify as pro se litigants, they were represented by counsel until mid-March 2009.