# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2587
Lower Tribunal Nos. 09-59626; 14-3592
_____

**Paul Steinberg,**
Petitioner,

vs.

**Robyn and Robert Marlin,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Marc Schumacher, Judge.

Buchbinder & Elegant, P.A., and Harris J. Buchbinder, for petitioner.

Broad and Cassel, and Mark F. Raymond, A., Amy Steele Donner, and Amanda Star Frazer, for respondents.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

FERNANDEZ, J.

Paul Steinberg petitions this Court for a writ of certiorari quashing an order that disqualified Harris J. Buchbinder and his law firm, Buchbinder & Elegant,

P.A., from representing Steinberg in two consolidated lawsuits. Based on the record before us, we deny the petition on the merits because we find no departure from the essential requirements of law in the trial court's decision to disqualify Steinberg's counsel.

In 1992, Steinberg, Barry Marlin, Kenneth Marlin, Donald Greenwood and Franklin Frank formed FBK Associates, a Florida general partnership. The FBK partnership agreement named six partners:  Robert Marlin, Kenneth Marlin, Franklin Frank, Steinberg, Barry Marlin and Donald Greenwood. In 2004, Barry Marlin, Kenneth Marlin, and Franklin Frank transferred their interests in FBK to Robyn Marlin, and then withdrew from the partnership. Buchbinder and his law firm represented Barry Marlin, Kenneth Marlin, and Franklin Marlin.

Buchbinder and his firm represented Robert Marlin and FBK in a previous case in Broward County from 1997 to 1999. In addition, during the time of this representation in the Broward County case, Buchbinder and his firm were also representing FBK in a collection action on behalf of FBK in Miami-Dade County. In 2012, Robert Marlin moved to disqualify Buchbinder and his firm in the collections case from representing the defendants in that case, Jack Burstein and Steven Cook, because it was a matter adverse to Robert Marlin involving issues relating to FBK. The trial court disqualified Buchbinder and his law firm.

Thereafter, Burstein and Cook petitioned this Court for a writ of certiorari, which was denied.

On August 12, 2009, Steinberg filed an action against the Marlins for an injunction prohibiting them from acting on behalf of FBK and for other relief. He claimed that the assignment in 2004 by Barry Marlin, Kenneth Marlin, and Franklin Frank of their interests in FBK to Robyn Marlin was executed without Steinberg's consent. On February 10, 2014, FBK filed suit against Steinberg to recover damages from Steinberg for his failure to contribute capital to FBK. These two lawsuits were consolidated before the trial court judge.

On August 14, 2014, the Marlins filed a motion to disqualify Steinberg's counsel from representing Steinberg in the two consolidated cases, claiming that Buchbinder formerly represented Robert Marlin and FBK in substantially related matters in the Broward County case and the Miami-Dade collections case. After a hearing on the motion for disqualification, the trial court granted the motion based on two grounds. First, pursuant to rules 4-1.9 and 4-1.10, Rules Regulating the Florida Bar, the trial court found that Buchbinder and his firm had a conflict of interest arising from their former representation of Robert Marlin and the interests of FBK. Second, pursuant to rule 4-3.7, Rules Regulating the Florida Bar, the court found that Buchbinder was a material fact witness in the two consolidated lawsuits. Steinberg now petitions this Court for a writ of certiorari.

3

An order on a motion to disqualify counsel is properly reviewed by petition for a writ of certiorari. Manning v. Cooper, 981 So.2d 668, 670 (Fla. 4th DCA 2008). In addition, an order granting a motion to disqualify a party's counsel is reviewed under an abuse of discretion standard. Young v. Achenbauch, 136 So. 3d 575, 580-81 (Fla. 2014). "An order involving the disqualification of counsel must be tested against the standards imposed by the [Florida Bar] Rules of Professional Conduct." Estright v. Bay Point Improvement Ass'n, Inc., 921 So. 2d 810, 811 (Fla. 1st DCA 2006). A party seeking to disqualify opposing counsel based on a conflict of interest must demonstrate that:

> (1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) the matter in which the law firm subsequently represented the interest adverse to the former client was the same or substantially related to the matter in which it represented the former client.

State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So. 2d 630, 633 (Fla. 1991). When these two elements are shown, rule 4-1.9 creates "an irrefutable presumption that confidences were disclosed" between the client and the attorney. Gaton v. Health Coalition, Inc., 745 So. 2d 510, 511 (Fla. 3d DCA 1999).

Here, the trial court did not depart from the essential requirements of law in disqualifying Steinberg's counsel. The record reflects that an attorney-client relationship existed between the Marlins and Buchbinder and his law firm.

4

Buchbinder and his law firm represented Robert Marlin and FBK in substantially related matters when Buchbinder and his firm represented Marlin and FBK in the previously mentioned Broward County case and the Miami-Dade county collection case. Respondents thus satisfied the requirement for disqualification based on a conflict of interest relating to former clients. See R. Regulating Fla. Bar 4-1.9.

Steinberg relies on cases, such as Zayas-Bazan v. Marcelin, 40 So. 3d 870 (Fla. 3d DCA 2010), in support of his position that the Marlins waived their right to seek disqualification. This Court held in that case that a party waived its right to file a motion to disqualify counsel where it was undisputed that the party had knowledge of the claimed conflict, yet waited two-and-one-half years before filing the motion. Zayas-Bazan v. Marcelin, 40 So. 3d at 873. However, we agree with respondents that Steinberg's reliance on cases such Zayas-Bazan is misplaced.

Zayas-Bazan is distinguishable because the facts of that case are different from the case before us. Here, Buchbinder and his firm were previously disqualified from representing interests adverse to the Marlins in an action relating to FBK, as previously discussed. In addition, Buchbinder was disqualified based on information the Marlins learned right before they filed their motion to disqualify – that Buchbinder is a key fact witness in the trial court case below. Steinberg's waiver argument fails because none of the other cases he cites involve an attorney that was previously disqualified from representing clients adverse to

the moving party, nor do they involve a disqualified counsel being a material fact witness.

For these reasons, we cannot say that the trial court abused its discretion in disqualifying Buchbinder and his law firm as Steinberg's trial counsel. The petition for writ of certiorari is denied on the merits because Steinberg failed to establish that the trial court departed from the essential requirements of the law.

Petition for writ of certiorari denied.