# Third District Court of Appeal

## State of Florida

Opinion filed June 12, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1358
Lower Tribunal No. 21-25127

_____

**Everret Green,**
Petitioner,

vs.

**June Green, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County,
Vivianne Del Rio, Judge.

Marva L. Wiley, for petitioner.

Barbara D. Cass, for respondents.

Before FERNANDEZ, SCALES and BOKOR, JJ.

FERNANDEZ, J.

Petitioner/plaintiff Everret Green ("Green") seeks a writ of certiorari quashing the trial court's July 13, 2023 "Order Deferring Motion for Summary Judgment," wherein the trial court disqualified Green's attorney, Marva Wiley, Esq. ("Wiley"). We find that the trial court departed from the essential requirements of law in granting the motion to disqualify Wiley, without notice and an opportunity to be heard. Accordingly, we grant the petition for writ of certiorari in part and quash the portion of the trial court's July 13, 2023 order that disqualifies Wiley.

On September 9, 2021, Green filed a Complaint for Unlawful Detainer in Miami-Dade County Court against June Green and Traekwon Pherrick Thomas ("Defendants"). On September 23, 2021, Defendants filed their answer, defenses, and counterclaims. Among Defendants' claims was an allegation that Wiley prepared and notarized a corrective deed that is central to the litigation between the parties and that the corrective deed was fraudulently produced. Twenty-two (22) months later, Defendants filed a motion to disqualify Wiley. Aside from the issue of disqualification, the petition for writ of certiorari and response raise issues related to the summary judgment proceedings. We decline to address those issues.

The motion to disqualify was filed on July 10, 2023. It was not noticed for hearing. However, at a previously scheduled hearing on a motion for summary judgment filed by Wiley, Defendants discussed Wiley's disqualification. The hearing on the motion for summary judgment was held on July 12, 2023, two days after the motion to disqualify was filed. On July 13, 2023, the day after the hearing, the trial court entered an order deferring ruling on the motion for summary judgment and granting Defendants' motion to disqualify Wiley.

A basic tenet of our jurisprudence is the right to due process. Due process requires a notice of hearing and an opportunity to be heard. See Pena v. Rodriguez, 273 So. 3d 237, 240 (Fla. 3d DCA 2019); Gen. Elec. Capital Corp. v. Shattuck, 132 So. 3d 908, 911 (Fla. 2d DCA 2014) ("The requirements of notice and an opportunity to be heard before being bound by a judgment are of constitutional dimension."). Glaringly absent from the proceeding below is any notice to Wiley, or a reasonable opportunity to be heard, on the question of her disqualification.

Unless the facts supporting the motion to disqualify counsel are undisputed, a hearing is required. Sch. Bd. of Broward Cty. v. Polera Bldg. Corp., 722 So. 2d 971, 974 (Fla. 4th DCA 1999) ("[W]here material facts are in dispute, an evidentiary hearing is required."). It is not sufficient for the

movant to simply allege that the facts are undisputed. At the hearing, the movant bears the burden of demonstrating the need to disqualify counsel. See Quality Air Conditioning Co., Inc. v. Vrastil, 895 So. 2d 1236, 1237 (Fla. 4th DCA 2005); Hiatt v. Estate of Hiatt, 837 So. 2d 1132, 1133 (Fla. 4th DCA 2003).

The pleadings below and the motion to disqualify show that Defendants were aware of the basis upon which they seek to disqualify Wiley as of the date when they filed their counterclaim; that is, twenty-two (22) months before they filed the motion to disqualify. A motion to disqualify counsel should be filed with reasonable promptness upon discovery of the basis for such disqualification. Case v. City of Miami, 756 So. 2d 259, 260-61 (Fla. 3d DCA 2000). Unreasonable delay in filing the motion may constitute waiver. See Zayas-Bazan v. Marcelin, 40 So. 3d 870, 872-73 (Fla. 3d DCA 2010).

Under these circumstances, we conclude that the trial court departed from the essential requirements of law in granting the motion to disqualify Wiley, without notice and an opportunity to be heard. Accordingly, we grant the petition for writ of certiorari in part and quash the portion of the trial court's July 13, 2023 "Order Deferring Motion for Summary Judgment" that disqualifies Wiley.

4

Petition granted, in part; order quashed, in part.