# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0896
Lower Tribunal No. 21-DR-267-K
_____

**Eric Omar Herrera,**
Appellant,

vs.

**Lada Havlova Herrera, et al.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Monroe County, Bonnie J. Helms, Judge.

Joyce Law, P.A., and Richard F. Joyce, for appellant.

Lawrence E. Harkenrider; Robert B. Goldman, for appellee.

Before FERNANDEZ, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. <u>See</u> <u>Goff v. Goff</u>, 276 So. 3d 83, 87 (Fla. 2d DCA 2019) (quashing disqualification of counsel under Florida Rule of Professional Conduct 4-1.9 where attorney's prior representation was wholly distinct from dissolution proceeding and any confidential financial information obtained from prior representation was encompassed by parties' financial disclosures); R. Regulating Fla. Bar. 4-1.9 Comments ("Matters are 'substantially related' for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client."); <u>see also</u> <u>Zayas-Bazan v. Marcelin</u>, 40 So. 3d 870, 872–73 (Fla. 3d DCA 2010) ("A party can waive his right to seek disqualification of the opposing party's counsel by failing to promptly move for disqualification upon learning of the facts leading to the alleged conflict. The rationale behind this rule is to prevent a litigant from using the motion as a tool to deprive his opponent of counsel of his choice after completing substantial preparation of the case." (citations and quotations omitted)).