# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0680
Lower Tribunal No. 16-1219-CA-01
_____

**Dario Carnevale and Flavia Carnevale,**
Appellants,

vs.

**Guy M. Shir, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Sniffen & Spellman, P.A., and Robert J. Hauser (West Palm Beach), for appellants.

Robert E. Menje, PLLC, and Robert E. Menje (Okeechobee), for appellees.

Before SCALES, C.J., and FERNANDEZ, and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Takefman v. Pickleball Club LLC, 422 So. 3d 239, 240 (Fla. 3d DCA 2025) ("This case concerns an attempt to disqualify an opposing party's counsel.  Such attempts should be viewed with caution and skepticism as they can be used to harass the opposing party and counsel, or for other indecorous tactical reasons.  Because the trial court did not abuse its discretion in repudiating these attempts, we affirm."); Zayas-Bazan v. Marcelin, 40 So. 3d 870, 872–73 (Fla. 3d DCA 2010) ("A party can waive his right to seek disqualification of the opposing party's counsel by failing to promptly move for disqualification upon learning of the facts leading to the alleged conflict."); Transmark, U.S.A., Inc. v. State, Dept. of Ins., 631 So. 2d 1112, 1116 (Fla. 1st DCA 1994) ("A motion to disqualify should be made with reasonable promptness after the party discovers the facts which lead to the motion."); Lackow v. Walter E. Heller & Co. Se., Inc., 466 So. 2d 1120, 1122 (Fla. 3d DCA 1985) ("[A]fter learning of the facts supporting a motion to disqualify counsel, a party may not unduly delay the filing of such motion.").